■ AGNES WHITE, Appellant, v JAY WHITE, Respondent.—In an automobile negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated April 17, 1985, which, after a hearing, denied that branch of her motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction and granted that branch of the defendant's cross motion which was to dismiss the complaint.

Order reversed, on the law and the facts, with costs, motion to strike the affirmative defense of lack of personal jurisdiction granted, complaint reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The plaintiff, having been granted the opportunity to prove proper service of the complaint (see, Best v City of New York, 101 AD2d 847), introduced sufficient evidence at the traverse hearing to sustain her burden of proving proper service, especially in light of the absence of any sworn denial of receipt of process by the defendant. The only witness to testify at the traverse hearing was one Patricia Goddard. Her affidavit of service indicated that she had served Jay White with a summons and complaint on March 21, 1981, by personal delivery at his residence. Her testimony indicated that she had known the defendant for nine years, was able to describe him and was aware that he was the defendant in the action. She had been requested to serve the summons and complaint by the plaintiff's attorneys and had been told what the papers were. She was not able to recall what was written on the papers that she served, but it was her recollection that she knew at the time of service that one paper was a summons. No question of credibility having been raised by a denial of receipt of the summons and complaint by the defendant, the plaintiff's motion to strike the affirmative defense of lack of personal jurisdiction should have been granted.

Since the plaintiff has acquired jurisdiction over the defendant, it is necessary that the court determine the defendant's cross motion to dismiss the complaint on the ground that the action had not been commenced within the applicable period

of limitation, which it failed to do after the traverse hearing. As the record before us is insufficient for such purpose, the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.