■ BLUE SPOT, INC., et al., Appellants, v SUPERIOR MERCHANDISE ELECTRONICS COMPANY, INC., et al., Respondents.—Order Supreme Court, New York County (Kenneth Shorter, J.), entered on or about July 19, 1988, which denied petitioners' motion to vacate the report of Special Referee B. William Rothberg and granted respondents' cross motion to confirm the report, unanimously reversed, with costs, on the law and the facts, motion granted and cross motion denied and the matter remanded to IAS Part 49 for further proceedings consistent herewith.

A dispute arose between the parties concerning the sale of watches by petitioner Blue Spot, Inc. and its president, petitioner Moshe Zafir, to respondent Superior Merchandise Electronics Company, Inc. and its principal, respondent David Pillar. On May 8, 1985, Mr. Zafir and Mr. Piller signed an agreement to submit their dispute to arbitration before a rabbinical Judge. On February 19, 1986, the arbitrator, Rabbi Menachem Zecharya Silber, rendered his award which requires that David Piller pay to Moshe Zafir the sum of $35,000.

When no payment was forthcoming from respondent Piller for nearly one year, petitioners commenced a special proceeding (designated in their papers as a motion) to confirm the arbitration award pursuant to CPLR 7502 (a) and 7510. This application was granted on default by order of the IAS court dated March 4, 1987. On March 18, 1987 respondents obtained an order to show cause seeking vacatur of the confirmation of the award and a traverse hearing on the issue of personal service. The IAS court referred the matter to a Special Referee who, in a report dated February 11, 1988, recommended granting respondents' motion to vacate confirmation of the award on the ground that service of the moving papers was not properly made.

At the traverse hearing, Edward Shtayner, the process server and an employee of petitioner Blue Spot, Inc., testified that he was given some papers to deliver to respondent David Piller. The papers were received from one Erwin Zafir, who Mr. Shtayner identified at the hearing as "one of the owners of Blue Spot" and who is referred to in petitioners' brief as "a principal of Appellant/Corporation." Shtayner delivered the papers to respondent Piller who was outside respondents' store, standing on the sidewalk.

The Special Referee found that Shtayner's testimony was in all respects credible on the matter of delivery of the papers to respondent Piller. The Referee nevertheless recommended that the traverse be sustained on the ground that Shtayner did not understand the affidavit of service because of his difficulty in comprehending the English language. As the Referee stated it, "The defect in Shtainer's [sic] testimony was his failure to identify the papers which he said he delivered and his admission on cross examination that he did not know what the papers were."

The Referee's findings establish that legal papers were, in fact, delivered to respondent Piller. The question presented is whether the identity of these papers is required to be established exclusively through the testimony of the process server or whether it may be ascertained by resort to the testimony of others.

At the outset, we note that the mere fact that the process server did not fully comprehend the affidavit he signed is not dispositive. Where service of process is denied, the affidavit of service is rendered inconclusive (*Anton v Amato*, 101 AD2d 819; *Empire Natl. Bank v Judal Constr.*, 61 AD2d 789) and it is incumbent upon a party asserting jurisdiction to demon-

strate service by a fair preponderance of the evidence *(Green Point Sav. Bank v Taylor,* 92 AD2d 910).

In light of the Referee's findings and in view of the particular circumstances presented by this matter, petitioners have met their burden. At the traverse hearing, Erwin Zafir testified that, in a discussion with counsel, it was decided that service of the papers to confirm the arbitration award must be accomplished expeditiously because the one-year Statute of Limitations (CPLR 7510) was about to expire. Therefore, it was agreed that one of Mr. Zafir's employees, Edward Shtayner, would effect delivery of the papers. It is clear from the circumstances that the only court papers which could have been served at this time were those commencing the proceeding to confirm the award. No other court proceedings had been initiated in connection with this dispute, as attested by the notice of judicial intervention affirmed January 28, 1987. Had Mr. Shtayner been regularly employed to serve process, there would be the obvious concern that he may have served papers which were drafted in connection with some other proceeding upon respondents. However, Mr. Shtayner testified that he had not delivered legal papers to anyone, except on the particular occasion in question. The testimony of Mr. Zafir who, it should be noted, was not disqualified from serving process in this proceeding (CPLR 2103 [a]; *Grid Realty Corp. v Gialousakis,* 129 AD2d 768), together with the testimony of the process server is sufficient to identify the papers served upon respondent Piller (CPLR 306 [a]). Concur—Carro, J. P., Asch, Kassal, Smith and Rubin, JJ.