■ Ivo-John Lazarevich, Appellant, v Stanford G. Lotwin, Respondent.—Orders, Supreme Court, New York County (Carol H. Arber, J.), entered June 28, 1990, which denied plaintiff's motion to vacate a default, and denied plaintiff's motion to quash certain subpoenaes as being moot, unanimously affirmed, with costs.

In this legal malpractice action, plaintiff alleged service upon defendant pursuant to CPLR 308 (2). Defendant moved by pre-answer motion to dismiss pursuant to CPLR 3211 (a) (8)

on the grounds of lack of personal jurisdiction. A final determination on the motion was held in abeyance pending a traverse hearing. At said hearing, the process server testified, based solely on her logbook and without personal recollection, that service was made upon the receptionist at the 14th floor of the law firm of defendant's employer, Tenzer, Greenblatt, Fallon & Kaplan. The logbook contained a physical description and name of the person allegedly accepting service. In opposition, the office manager of the firm testified that no such person had ever been employed by the firm, that the receptionist on that day was a different person, and that it was the normal practice that persons serving papers be directed to another person located on a different floor. The Hearing Officer recommended that the motion to dismiss for lack of jurisdiction be granted. Defendant moved to confirm the report, and for an order dismissing the complaint, which motion was granted on default. Before the order was signed, plaintiff moved to vacate the default and reject the report. The court denied the motion to vacate, finding that plaintiff failed to establish either an excusable default or a meritorious defense. We agree.

A default judgment should not be vacated unless the party is able to show an acceptable excuse for the default and a meritorious defense (*Tiger v Town of Bolton,* 150 AD2d 889, 890). Here, plaintiff claimed that the default was the result of confusion over multiple pieces of correspondence regarding the correct return date of the motion. However, counsel acknowledged receipt of the information, and, if confused, could have either contacted defendant or the court to clarify the date but did not. The court thus properly found that the excuse for the default was unreasonable. Further, plaintiff failed to establish by a fair preponderance of credible evidence that service was made in the manner claimed and as prescribed by statute (*Blue Spot v Superior Mdse. Elecs. Co.,* 150 AD2d 175), and thus failed to demonstrate a meritorious defense. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Smith and Rubin, JJ.