■ ED KARANJA, Appellant, v WAITHIRA KARANJA, Respondent. [597 NYS2d 739] —In an action for divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated May 31, 1990, as granted the branch of the defendant's motion which was to vacate a prior judgment of the same court (Morrocco, J.), dated September 13, 1983, which, upon the default in appearing of the defendant, granted the plaintiff a divorce and ancillary relief.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the branch of the defendant wife's motion which was to vacate the judgment of divorce, is denied.

The evidence adduced by the plaintiff at the hearing to determine whether service of process had been properly made was essentially unrebutted. This evidence tended to prove that an acquaintance of the two parties acted as a process server and personally delivered a summons with notice to the defendant in June of 1982. In holding that the plaintiff had failed to meet his burden of showing that personal service of the summons with notice had been made *(see, e.g., Martini v Powers,* 105 AD2d 731; *Altman v Wallach,* 104 AD2d 391), the Supreme Court relied principally on the inability of the process server to identify a copy of the summons and notice in evidence as the same document which, in 1982, she had delivered to the defendant. The Supreme Court found that "she [the process server] delivered either an envelope or a document but she was not able to tell me that what she delivered was the summons and notice".

We agree with the Supreme Court that the weight of the evidence establishes that a document was in fact personally delivered to the defendant in June of 1982. However, the inability of the nonprofessional process server to recollect, several years after the fact, the exact text of the document delivered, is not fatal to the court's jurisdiction. "It is clear from the circumstances that the only court papers which would have been served at [that] time were those commencing [the action for divorce]" *(Blue Spot v Superior Mdse. Elec. Co.,* 150 AD2d 175, 177). It is not necessary for the process server to "recall what was written on the papers that she served" *(White v White,* 121 AD2d 533).

The weight of the evidence establishes that the summons and notice were delivered to the defendant in June of 1982. The discrepancy as to the date of service contained in the affidavit of service is not a jurisdictional defect *(see, e.g., Mariano v Steinberg,* 87 AD2d 606; *Mrwik v Mrwik,* 49 AD2d 750).

We therefore conclude that the Supreme Court erred, on the facts and on the law, in granting the defendant's motion to vacate, and we therefore reverse. In light of this determination, we need not address the plaintiff's alternative argument. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.