■ Louis Greenberg, Inc., Respondent, v Lawrence Meinwald, Appellant. [638 NYS2d 624]

A preponderance of the evidence adduced at the traverse hearing (*see, Blue Spot v Superior Mdse. Elec.*, 150 AD2d 175, 176-177), especially the fact that defendant owns the hotel where the process was delivered, supports the finding that the service was made at defendant's actual place of business in accordance with CPLR 308 (2). Other evidence tending to support this finding was the testimony of the process server that the hotel desk clerk to whom he delivered the process told him that defendant works at the hotel but was not "around" at the time, and that it was "no problem" for the clerk to take the summons and complaint for defendant. The testimony of defendant's wife that she is in charge of the day-to-day operations of the hotel and that defendant, although he owns the

hotel, conducts his business from an office at another location and has not been to the hotel in three years, was implicitly discredited by the hearing court, and we find no reason to disturb its determination (*see, Gordon v Nemeroff Realty Corp.*, 139 AD2d 492, 493). Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.