■ EMPIRE OF AMERICA REALTY CREDIT CORPORATION, Respondent, v LUM SMITH et al., Defendants, and ELSIE SMITH, Appellant. [643 NYS2d 246] —Order unanimously reversed on the law without costs, motion granted, judgment of foreclosure and sale dated September 27, 1995 vacated and complaint against defendant Elsie Smith dismissed. Memorandum: Plaintiff, as assignee of Resolution Trust Company, the receiver for Erie County Savings Bank, commenced this action to foreclose on a mortgage executed by George J. Dotterweich, Jr., and Elizabeth A. Dotterweich and assumed by Elsie Smith (defendant) and Lum Smith, defendant's former husband. The mortgage covers property located at 471 Brantwood Road, Amherst, New York (mortgaged premises). Although plaintiff had sent correspondence to defendant at the address of the mortgaged premises, plaintiff purportedly served defendant with a copy of the summons and complaint at 155 Butler Avenue, Buffalo, the residence of Lum Smith. It is indisputed that defendant never resided at that address. According to defendant, she "came into contact with the Summons and Complaint through a third party, rather than by any service by [plaintiff's counsel] or by [plaintiff]". She timely served her *pro se* answer interposing, *inter alia*, the defense of lack of personal jurisdiction. Thereafter, plaintiff allegedly served defendant with an amended summons and complaint pursuant to CPLR 308 (4) at the address of the mortgaged premises. Defendant did not serve an answer to the amended complaint. Thereafter, plaintiff's motion for an order of reference was granted, based upon the statement of plaintiff's attorney that no defendant had served an answer in the action. Defendant was not served with plaintiff's motion papers seeking the order of reference.

Subsequently, the Referee's computation was confirmed and plaintiff was granted a default judgment of foreclosure and sale. Defendant was not served with plaintiff's motion papers seeking that judgment but thereafter learned of the impending sale and moved to stay it on the ground that the court had never acquired personal jurisdiction over her. At oral argument of defendant's motion, plaintiff's attorney stated that defendant was properly served with the amended summons and complaint and that her motion "to reopen a default judgment" therefore should be denied. County Court denied defendant's motion for a stay. We reverse.

In her motion papers, defendant denied that she was served with either the original or amended summons and complaint (*see, Greenpoint Sav. Bank v Mione*, 213 AD2d 375). Although she unartfully labeled her motion as one seeking a stay, defen-

dant effectively asserted that the court never acquired personal jurisdiction over her because she was not properly served with process. It is settled law that "[a] court is without power to render a judgment against a party as to whom there is no jurisdiction (*World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 291), and a judgment rendered without jurisdiction is subject to collateral attack (*see, Gager v White*, 53 NY2d 475, 488, n 9; Restatement, Judgments 2d, § 10, Comment *f*)" (*Royal Zenith Corp. v Continental Ins. Co.*, 63 NY2d 975, 977). Thus, we reverse the order and deem defendant's motion one to vacate the default judgment pursuant to CPLR 5015 (a) (4). Furthermore, inasmuch as the record establishes, and plaintiff does not dispute, that plaintiff failed to comply with the mandates of CPLR 308 (2) in its attempt to serve the original summons and complaint on defendant, we conclude that the court never acquired personal jurisdiction over her (*see, New York State Higher Educ. Servs. Corp. v Perchik* [appeal No. 3], 207 AD2d 1040; *Potamianos v Convenient Food Mart*, 197 AD2d 734, 735). Additionally, the purported service of an amended summons and complaint did not cure that jurisdictional defect. Therefore, we grant defendant's motion and vacate the judgment of foreclosure and sale dated September 27, 1995, and we dismiss the complaint against defendant. In light of our determination, we do not address defendant's remaining contentions. (Appeal from Order of Erie County Court, Rogowski, J.—Vacate Default Judgment.) Present—Lawton, J. P., Wesley, Callahan, Balio and Davis, JJ.