■ GERARD A. MILLER, Appellant, v JOHN T. ROCHE, Respondent. (Appeal No. 2.) [643 NYS2d 825] —Judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint without conducting a hearing on the issue whether the summons was personally served upon defendant. "Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is sufficient to support a finding of jurisdiction" (*Skyline Agency v Ambrose Coppotelli, Inc.*, 117 AD2d 135, 139; *accord, Frankel v Schilling*, 149 AD2d 657, 659). Although the affidavit of service indicates that both a summons and complaint were personally served upon defendant, the sworn denial of defendant that he had been served with the summons rendered the affidavit of service inconclusive (*see, Blue Spot v Superior Mdse. Elecs. Co.*, 150 AD2d 175, 176-177), creating a factual question (*see, Bloom v Kernan*, 146 AD2d 916, 918). The inability of the process server to recall having served the summons along with the complaint is not dispositive (*see, Karanja v Karanja*, 193 AD2d 718, 719; *Blue Spot v Superior Mdse. Elecs. Co., supra,* at 177), particularly in view of his sworn statement that it was his "invariable practice" to serve both documents together. Further, the process server's failure to cross out "Spanish summons" on the printed affidavit of service is a "mere irregularity and not a jurisdictional defect" (*Mrwik v Mrwik*, 49 AD2d 750, 751; *see, Mariano v Steinberg*, 87 AD2d 606). (Appeal from Judgment of Supreme Court, Suffolk County, Newmark, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ STEVEN D. GANCIO et al., Appellants, v JERSEY STREET COMPANY et al., Respondents. [643 NYS2d 435] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Newmark, J. (Appeal from Order of Supreme Court, Suffolk County, Newmark, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.