■ JOHN FABIAN et al., Respondents, v JOSEPH MULLEN, Defendant, and WILLIAM DOHERTY, Appellant. [797 NYS2d 338]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered January 30, 2004 in a personal injury action. The order denied the motion of defendant William Doherty to vacate the default judgment entered against him in this action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: William Doherty (defendant) appeals from an order denying his motion to vacate the default judgment entered against him in this action. In support of his motion, defendant contended that Supreme Court lacked personal jurisdiction over him because he was not properly served with the amended summons and amended complaint pursuant to CPLR 308 (2) (*see* CPLR 5015 [a] [4]). CPLR 308 (2) provides in relevant part that personal service "shall be made by . . . delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be

served and by . . . mailing the summons to the person to be served at his or her last known residence." Because defendant has raised "a genuine question" on the issue whether service was properly effected in accordance with the statute (*Ortiz v Santiago*, 303 AD2d 1, 4 [2003]), we therefore reverse the order and remit the matter to Supreme Court to conduct a hearing on that issue and to determine defendant's motion following the hearing. At the hearing on defendant's motion, plaintiffs are "required to establish jurisdiction by a preponderance of the evidence" (*Mortgage Access Corp. v Webb*, 11 AD3d 592, 593 [2004]; *see LeFevre v Cole*, 83 AD2d 992 [1981]). Present— Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.