■ In the Matter of COUNTRY SIDE SAND & GRAVEL INC., Appellant, v TOWN OF POMFRET ZONING BOARD OF APPEALS et al., Respondents. [870 NYS2d 654]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town of Pomfret Zoning Board of Appeals denying its application for a special use permit to operate a sand and gravel mine on property adjacent to its existing mine. Supreme Court previously denied the petition on the merits, whereupon petitioner moved for leave both to renew and reargue with respect to the relief sought in the petition. After the parties appeared in court on the motion, the court granted "reargument and renewal" and, inter alia, "scheduled a further hearing on the merits." Following that hearing, the court dismissed the petition based on respondents' affirmative defense alleging the lack of personal jurisdiction. We note at the outset that, contrary to petitioner's contention, the court did not implicitly dismiss that affirmative defense by failing to address it in the original decision denying the petition on the merits. As stated by the Court of Appeals, "[t]he incontestable starting proposition in cases of this kind is that once jurisdiction and service of process are questioned, [petitioner] ha[s] the burden of proving satisfaction of statutory and due process prerequisites" (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]). We conclude that petitioner failed to meet that burden.

Here, personal service upon respondent Town of Pomfret (Town) was required to "be made by delivering the [notice of petition and petition] to the supervisor or the clerk" (CPLR 311 [a] [5]). CPLR 312 provides in relevant part that "[p]ersonal service upon a board or commission of a town . . . may also be made by delivering the [notice of petition and petition] to the clerk of the town . . . ." Here, although petitioner submitted an affidavit of service setting forth that three copies of the notice of petition and petition were personally served on the Town Clerk, petitioner conceded in a reply affidavit of its attorney that service was made on the Village of Fredonia and not on the Town. Based on that concession, there is no issue of fact to warrant a traverse hearing with respect to personal service (*cf. Miller v Roche*, 227 AD2d 998 [1996]; *Bloom v Kernan*, 146 AD2d 916, 918 [1989]). Further, it is of no consequence that an employee of the Village of Fredonia delivered the papers on the following day to the Town Clerk and thus that the Town received actual notice of the proceeding. "[N]otice received by means other than those authorized by statute cannot serve to bring [respondents] within the jurisdiction of the court" (*Feinstein v Bergner*, 48 NY2d 234, 241 [1979]; *see Macchia v Russo*,

67 NY2d 592, 595 [1986]; *Sutherland v Village of Suffern*, 139 AD2d 728, 729 [1988]).

Petitioner's remaining contentions are moot in light of our determination. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.