# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1177

CA 15-00662

PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

SUSAN M. WEICHERT, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

ROY A. BROWN, DEFENDANT-RESPONDENT.

---

SUSAN M. WEICHERT, PLAINTIFF-APPELLANT PRO SE.

JEFFREY DEROBERTS, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 23, 2014. The order granted defendant's motion to vacate a default judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendant's motion to vacate a default judgment pursuant to CPLR 5015 (a) (1), contending that defendant was never in default and thus that Supreme Court erred in entertaining defendant's motion. We reject that contention, inasmuch as the record establishes that defendant did not appear at the inquest on damages, which resulted in the entry of the amended judgment that was the subject of defendant's motion. Also contrary to plaintiff's contention, the court did not abuse its discretion in granting defendant's motion, upon determining that defendant established "a reasonable excuse for the default as well as a meritorious defense" (*Calaci v Allied Interstate, Inc.* [appeal No. 2], 108 AD3d 1127, 1128; *see Matter of Reilly v City of Rome*, 114 AD3d 1255, 1256). Here, after granting plaintiff's motion for partial summary judgment on liability and prior to the inquest on damages at which defendant failed to appear, the court sua sponte relieved defendant's counsel without providing notice to defendant that it had done so, and it is undisputed that defendant was unaware that he was no longer represented or required to appear at the damages inquest. Defendant also demonstrated a meritorious defense to the amount of damages sought by plaintiff. Plaintiff sought and was awarded nearly $250,000 based on damages to her rental property caused by defendant, but defendant demonstrated that he at one time had an option to purchase that rental property for $65,000. As the court noted in granting defendant's motion, it was "quite obvious that the award [was] excessive and disproportionate to the value of the property and it may well appear that plaintiff's uncontested proof was quite a bit

exaggerated."

Entered: November 20, 2015                                    Frances E. Cafarell
                                                                     Clerk of the Court