# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

521

CAF 15-00017

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF JOSEPH CLARK,
PETITIONER-RESPONDENT,

                V                        MEMORANDUM AND ORDER

TARA HAWKINS, RESPONDENT-APPELLANT.

---

TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-APPELLANT.

NOEMI FERNANDEZ, ATTORNEY FOR THE CHILD, BUFFALO.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered December 16, 2014 in a proceeding pursuant to Family Court Act article 6.  The order, inter alia, granted sole custody of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to article 6 of the Family Court Act, respondent mother appeals from an order awarding sole custody of the parties' child to petitioner father.  The mother failed to preserve for our review her contention that Family Court erred in admitting in evidence at the custody hearing an audio recording of a telephone conversation between the parties that the father had secretly recorded.  Although the mother's counsel initially objected to the recording's admission, counsel withdrew the objection after the court adjourned the matter so that counsel could research the issue.  The mother also failed to preserve her further contention that the court erred in admitting in evidence an audio recording of a telephone call the father made to 911, during which the father told the 911 dispatcher that the mother was trying to take the child without his permission.  In fact, when the father's counsel offered the recording in evidence, the mother's counsel stated "I have no objection, Your Honor."  The Attorney for the Child (AFC) also had no objection to the second audio recording.  In any event, we conclude that the court properly admitted both recordings.

The remaining evidentiary-based contention advanced by the mother is that the court erred in admitting in evidence a sworn statement given to the police by her adult daughter concerning an incident that occurred between the parties at the daughter's house.  Although the mother correctly concedes that the daughter's testimony at the custody hearing was inconsistent with parts of her sworn statement, she

contends that the statement should not have been admitted because the daughter acknowledged that she gave the statement to the police and testified that everything in the statement was true (*see generally People v Buffington*, 29 AD2d 229, 231-232).  Even assuming, arguendo, that the court erred in admitting the written statement, such error is harmless considering that the inconsistent statements were explored by the father's counsel during his cross-examination of the daughter, and the evidence was not particularly prejudicial to the mother (*see generally Beth M. v Susan T.*, 81 AD3d 1396, 1396).  Moreover, there is ample other evidence in the record supporting the court's custody determination (*see Matter of Saletta v Vecere*, 137 AD3d 1685, 1685-1686).

Finally, according deference to the hearing court's assessment of witness credibility, we conclude that there is a sound and substantial basis in the record for awarding custody of the child to the father with visitation to the mother (*see Matter of DeNise v DeNise*, 129 AD3d 1539, 1540; *see generally Eschbach v Eschbach*, 56 NY2d 167, 172-174).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court