ALOSTAR BANK OF COMMERCE, Respondent, v BRETT SANOIAN, Appellant. [61 NYS3d 759]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 26, 2015. The order denied the motion of defendant to vacate a default order and judgment, determined that plaintiff has established jurisdiction over defendant and directed that plaintiff is allowed to enforce its judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted, the order and judgment dated September 25, 2014 is vacated and the amended complaint is dismissed in accordance with the following memorandum: Plaintiff commenced this breach of contract action seeking the remaining principal plus interest, attorney's fees, and costs of an unpaid home equity line of credit that defendant obtained on a home located in Niagara Falls, New York. After defendant failed to appear or answer in the action, a default order and judgment (default judgment) was entered against him in September 2014. In August 2015, defendant moved to vacate the default judgment based, inter alia, upon a lack of personal jurisdiction (see CPLR 5015 [a] [4]). We conclude that Supreme Court erred in denying defendant's motion.

CPLR 5015 (a) (4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order." "Where, as here, a defendant moves to vacate a judgment entered upon his or her default in appearing or answering the complaint on the ground of lack of personal jurisdiction, the defendant is not required to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Prudence v Wright, 94 AD3d 1073, 1073 [2012]). While "[o]rdinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]).

In opposition to defendant's motion, plaintiff submitted two

affidavits of service. The first affidavit indicated that, on March 24, 2014, plaintiff's process server served a copy of the summons and amended complaint on defendant by posting them on the front door of an apartment in Washington, D.C. (D.C. address), where plaintiff believed that defendant was residing at the time (*see* CPLR 302 [4]; 308 [4]; 313). The process server also mailed a copy of the summons and amended complaint to defendant at that same address. Prior to posting those documents on the door of the D.C. address, the process server made several attempts at personal service upon defendant at the D.C. address.

The second affidavit of service indicated that, on May 14, 2014, plaintiff's process server served another copy of the summons and amended complaint on defendant's mother at her home in Youngstown, New York (mother's address). The process server indicated that he left process with a person of suitable age and discretion at defendant's "Last Known Address within the state" and mailed the summons and amended complaint to that same address.

Although those two affidavits establish prima facie that defendant was validly served, defendant submitted evidence that rebuts the presumption and establishes as a matter of law that he was improperly served, which obviates the need for a traverse hearing (*see generally Wachovia Bank, N.A.*, 138 AD3d at 985). Namely, defendant presented evidence establishing that he was residing in Virginia at the time the summons and amended complaint were served at the D.C. address and at the mother's address. Plaintiff failed to submit any evidence demonstrating otherwise. Thus, we conclude that, inasmuch as plaintiff failed to serve defendant at his actual address, as is required by both CPLR 308 (2) and (4), the court lacked personal jurisdiction over defendant (*see Feinstein v Bergner*, 48 NY2d 234, 240-241 [1979]; *Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 523 [2016]; *Olscamp v Fasciano*, 118 AD3d 1472, 1472-1473 [2014]).

We reject plaintiff's contention that defendant received actual notice of the action and thus was properly served. It is well settled that "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (*Feinstein*, 48 NY2d at 241; *see Matter of Country Side Sand & Gravel Inc. v Town of Pomfret Zoning Bd. of Appeals*, 57 AD3d 1501, 1502-1503 [2008]).

We therefore reverse the order and grant defendant's motion to vacate the default judgment. Because the court never acquired personal jurisdiction over defendant, we dismiss the

amended complaint (*see Empire of Am. Realty Credit Corp. v Smith*, 227 AD2d 931, 932 [1996]), without prejudice. Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.