Matter of Shepherd v Stocker (2018 NY Slip Op 01812)





Matter of Shepherd v Stocker


2018 NY Slip Op 01812


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


381 CAF 16-01336

[*1]IN THE MATTER OF SCOTT SHEPHERD, PETITIONER-APPELLANT,
v
JAMIE STOCKER, RESPONDENT-RESPONDENT. SCOTT OTIS, ATTORNEY FOR CHILD, APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-APPELLANT. 
SCOTT OTIS, WATERTOWN, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
DONALD R. GERACE, UTICA, FOR RESPONDENT-RESPONDENT.


 Appeals from an order of the Family Court, Lewis County (Daniel R. King, J.), entered June 21, 2016 in a proceeding pursuant to Family Court Act article 6. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father and the Attorney for the Child (AFC) each appeal from an order that denied the father's petition for permission to relocate with the subject child to the State of Alabama, and thus for primary residency of the child. Pursuant to a prior custody and visitation order, the father and respondent mother have joint custody and joint residency of the child. Based on our review of the evidence at the fact-finding hearing, we conclude that Family Court properly considered the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) in determining that the father failed to meet his burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (see Matter of Williams v Luczynski, 134 AD3d 1576, 1576 [4th Dept 2015]). The father's primary motivation for wanting to relocate to Alabama is based on the fact that his parents and siblings have moved there. The father, however, "failed to establish that the child's life would be enhanced economically, emotionally and educationally' by the proposed relocation" (Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]). Although the father asserted that there were better job opportunities in Alabama, he failed to establish that the jobs he had researched in that area would pay any more than his employment in New York. The father also failed to establish that the child would receive a better education in Alabama. The evidence supports the court's determination that the proposed relocation would have a negative impact on the child's relationship with the mother, as well as the mother's relatives, who have visited often from Pennsylvania. In sum, we conclude that the court's determination to deny the father's relocation petition has a sound and substantial basis in the record and therefore should not be disturbed (see Matter of Ramirez v Velazquez, 91 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 802 [2012]).
The AFC contends on his appeal that the court erred in preventing the AFC at trial from examining the child during the Lincoln hearing. Upon our review of that hearing, we conclude that, despite the court's statement that it would not allow the AFC to question the child, the AFC was in fact able to question the child and elicit certain information, and she raised no further objection. We therefore conclude that the AFC's contention is not preserved for our review (see [*2]generally Matter of Clark v Hawkins, 140 AD3d 1753, 1754 [4th Dept 2016]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court