Matter of Adorno v Vaillant (2019 NY Slip Op 08028)





Matter of Adorno v Vaillant


2019 NY Slip Op 08028


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


916 CAF 18-02286

[*1]IN THE MATTER OF RAFAEL ADORNO, PETITIONER-RESPONDENT,
v
YAIMEL VAILLANT, RESPONDENT-APPELLANT. 






DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered October 23, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, designated petitioner as the primary residential parent of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted after a hearing the petition of petitioner father seeking to modify a prior stipulated order of joint custody by designating him as the primary residential parent of the subject child.
The mother contends that Family Court improperly admitted and relied on inadmissible hearsay evidence that a bump on the child's forehead was caused by the mother striking the child with a hairbrush, that the child was falling behind in school and not completing her homework assignments, and that the child exhibited poor hygiene. Initially, we note that the mother failed to preserve that contention for our review inasmuch as she did not object to the admission of such testimony (see Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1452 [4th Dept 2011], lv denied 17 NY3d 701 [2011]). In any event, the hearsay statement of the child that the mother struck her with a hairbrush was corroborated by observations of the child by the principal of the child's school, who testified at the hearing and was deemed by the court to be credible (see Matter of Derek J., 56 AD3d 558, 558-559 [2d Dept 2008]; Matter of Bartlett v Jackson, 47 AD3d 1076, 1077-1078 [3d Dept 2008], lv denied 10 NY3d 707 [2008]). Thus, that statement was admissible pursuant to Family Court Act § 1046 (a) (vi) (see Matter of Montalbano v Babcock, 155 AD3d 1636, 1637 [4th Dept 2017], lv denied 31 NY3d 912 [2018]). The testimony of the principal that the child was falling behind in school and failing to complete her homework assignments was corroborated by school records, and we therefore conclude that any error in admitting such testimony is harmless because the result reached by the court would have been the same even had such testimony been excluded (see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1626-1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]; Matter of Clark v Hawkins, 140 AD3d 1753, 1754-1755 [4th Dept 2016]). Finally, with respect to the alleged hearsay testimony concerning the child's poor hygiene, "[t]here is no indication that the court considered, credited, or relied upon [that testimony] in reaching its determination" (Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]; see Matter of Liza C. v Noel C., 207 AD2d 974, 974 [4th Dept 1994]).
We further conclude, for reasons stated in the decision at Family Court, that the court properly granted the father's petition.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court