Matter of Serna v Jones (2019 NY Slip Op 09196)





Matter of Serna v Jones


2019 NY Slip Op 09196


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1202 CAF 18-01722

[*1]IN THE MATTER OF TONYA ANNMARIE SERNA, PETITIONER-RESPONDENT,
v
DWIGHT EDWARD JONES, JR., RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR RESPONDENT-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered August 20, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded petitioner mother sole legal and physical custody of the subject children, with supervised visitation to the father.
The father contends that Family Court abused its discretion by precluding him from introducing evidence at the hearing as a sanction for his willful failure to respond to the mother's interrogatories. According to the father, the sanction prevented the court from fully exploring the issues affecting the children's best interests. We conclude that the father failed to preserve his contention for our review inasmuch as he did not object to the court's ruling or otherwise raise that contention at the hearing (see Matter of Clark v Hawkins, 140 AD3d 1753, 1754 [4th Dept 2016]; see also Matter of Shepherd v Stocker, 159 AD3d 1441, 1442 [4th Dept 2018]). In any event, we conclude that the contention is without merit. Under the circumstances of this case, the discovery sanction imposed did not "adversely affect the child[ren]'s right to have issues affecting [their] best interest[s] fully explored," including, as particularly relevant here, the father's history of domestic violence (Matter of Stukes v Ryan, 289 AD2d 623, 624 [3d Dept 2001]; see Matter of Landrigen v Landrigen, 173 AD2d 1011, 1012 [3d Dept 1991]).
Finally, we reject the father's remaining contention for reasons stated in the decision at Family Court.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court