Dirschberger v Lawson (2020 NY Slip Op 05358)





Dirschberger v Lawson


2020 NY Slip Op 05358


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


547 CA 19-01382

[*1]AL DIRSCHBERGER, PH.D., AS COMMISSIONER OF ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PLAINTIFF-RESPONDENT,
v
CALVIN LAWSON, DEFENDANT-APPELLANT. 






LEROI C. JOHNSON, BUFFALO, FOR DEFENDANT-APPELLANT.
BONNIE A. MCLAUGHLIN, BUFFALO, FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered January 4, 2019. The judgment awarded plaintiff $22,354.59, plus interest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to Social Services Law § 104 seeking to recover the overpayment of Medicaid benefits to defendant. Following a nonjury trial, Supreme Court granted judgment to plaintiff in the amount of $22,354.59, plus interest. We affirm.
Defendant's contention that the court erred in admitting in evidence plaintiff's exhibit 5, a summary of the amounts of Medicaid benefits that were overpaid to defendant, on the ground that it was a document prepared in anticipation of litigation, is not preserved for our review (see Cooper v Nestoros, 159 AD3d 1365, 1367 [4th Dept 2018]; Davis v Vallie, 93 AD3d 1232, 1232 [4th Dept 2012]; see also Flynn v Manhattan & Bronx Surface Tr. Operating Auth., 61 NY2d 769, 771 [1984]). In any event, we agree with plaintiff that the court properly admitted that exhibit in evidence as a business record (see CPLR 4518 [a]; Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden, 169 AD3d 569, 570 [1st Dept 2019]).
Defendant contends that, pursuant to CPLR 2305 (d), plaintiff should have provided him with copies of bank statements that plaintiff obtained by subpoena. Defendant has failed to include any subpoenas in the record on appeal, however, and we are thus unable to determine whether plaintiff failed to comply with CPLR 2305 (d) (see Allington v Templeton Found., 167 AD3d 1437, 1440 [4th Dept 2018]; Montanaro v Weichert, 164 AD3d 1611, 1612 [4th Dept 2018]). Defendant contends that the court erred in admitting in evidence plaintiff's exhibit 9, a review summary of the aforementioned bank statements. That contention is not preserved for our review because, although defendant's attorney initially objected to the use of plaintiff's exhibit 9 during direct examination of one of plaintiff's witnesses, defendant's attorney subsequently stated that he had no objection to the exhibit being admitted in evidence (see Matter of Clark v Hawkins, 140 AD3d 1753, 1754 [4th Dept 2016]). In any event, the information in plaintiff's exhibit 9 was also contained in plaintiff's exhibit 6, and defendant's attorney had no objection to plaintiff's exhibit 6 being admitted in evidence. We therefore conclude that any error in admitting plaintiff's exhibit 9 in evidence is harmless (see Palmer v Wright & Kremers, 62 AD2d 1170, 1171 [4th Dept 1978]; see generally Rizzuto v Getty Petroleum Corp., 289 AD2d 217, 217-218 [4th Dept 2001]).
We have considered defendant's remaining contention and conclude that it does not [*2]require reversal or modification of the judgment.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court