Garvey v Global Asset Mgt. Solutions, Inc. (2021 NY Slip Op 01664)





Garvey v Global Asset Mgt. Solutions, Inc.


2021 NY Slip Op 01664


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1073 CA 20-00212

[*1]KEVIN F. GARVEY, JR., PLAINTIFF-APPELLANT,
v
GLOBAL ASSET MANAGEMENT SOLUTIONS, INC., DEFENDANT, AND JONATHAN J. HARRINGTON, DEFENDANT-RESPONDENT. 






ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered January 15, 2020. The order granted the motion of defendant Jonathan J. Harrington to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this derivative action seeking, inter alia, damages arising from the conduct of Jonathan J. Harrington (defendant) regarding defendant Global Asset Management Solutions, Inc., an entity for which plaintiff and defendant served as, among other things, its only officers. After defendant failed to appear or answer, a default judgment was entered against him. Defendant thereafter moved to vacate the default judgment based upon lack of personal jurisdiction (see CPLR 5015 [a] [4]). Supreme Court granted defendant's motion without a hearing. Plaintiff appeals.
Plaintiff initially contends that the court should have denied defendant's motion because the record established that defendant was properly served pursuant to CPLR 308 (2). We reject plaintiff's contention. That section permits personal service on a party "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (CPLR 308 [2]). " 'Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served' " (Cach, LLC v Ryan, 158 AD3d 1193, 1194 [4th Dept 2018]; see Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2d Dept 2016]). Although " 'bare and unsubstantiated denials are insufficient to rebut the presumption of service . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing' " (Cach, LLC, 158 AD3d at 1194; see Wachovia Bank, N.A., 138 AD3d at 985; Fabian v Mullen, 20 AD3d 896, 897 [4th Dept 2005]). Here, the presumption of service was created by the affidavit of plaintiff's process server, but defendant rebutted that presumption by submitting, inter alia, his sworn affidavit in which he averred that he had never been personally served, that since at least 2013 he had rented out the dwelling at the address reflected on the affidavit of the process server, that it had been rented to the individual reflected on the affidavit of service, that defendant "did not live or otherwise reside [at the address] in any form," and instead that he had been living at another address at the time of the purported service. Contrary to plaintiff's contention, defendant's submissions raised " 'a genuine question' " on the issue whether service was properly effected in accordance with CPLR 308 (2) (Fabian, 20 AD3d at 897).
In light of that determination, however, we agree with plaintiff's alternative contention that defendant's submissions rebutting the presumption of service " 'necessitate[d] an evidentiary hearing' " (Cach, LLC, 158 AD3d at 1194; see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988 [2d Dept 2018]), and thus we conclude that the court erred in granting defendant's motion without a hearing. We therefore reverse the order and remit the matter to Supreme Court to conduct a hearing on that issue and to determine defendant's motion following the hearing (see generally Fabian, 20 AD3d at 897).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court