L&W Supply Corp. v Built-Rite Drywall Corp. (2023 NY Slip Op 05079)

L&W Supply Corp. v Built-Rite Drywall Corp.

2023 NY Slip Op 05079

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

697 CA 22-01613

[*1]L & W SUPPLY CORPORATION, DOING BUSINESS AS BUILDING SPECIALTIES, FORMERLY DOING BUSINESS AS CAPITAL GYPSUM, PLAINTIFF-RESPONDENT,
v
BUILT-RITE DRYWALL CORP., ET AL., DEFENDANTS, AND SAMUEL BRAUN, DEFENDANT-APPELLANT. 

THE LAW OFFICE OF JEREMY ROSENBERG, CHESTNUT RIDGE (JEREMY ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered March 17, 2022. The order denied the motion of defendant Samuel Braun seeking, inter alia, to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Samuel Braun (defendant) appeals from an order denying his motion seeking, inter alia, to vacate the default judgment entered against him in this action. Defendant contends that Supreme Court erred in treating his motion as one to vacate the default judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1) and denying it based on his purported failure to demonstrate a reasonable excuse for the default. We agree. "Where, as here, a defendant moves to vacate a judgment entered upon [the defendant's] default in appearing or answering the complaint on the ground of lack of personal jurisdiction [under CPLR 5015 (a) (4)], the defendant is not required to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]). Thus, contrary to the court's determination, it is immaterial when defendant first learned of the judgment.
With respect to the merits, defendant contended in support of his motion that the court lacked personal jurisdiction over him because he was not properly served with the supplemental summons and amended complaint pursuant to CPLR 308 (4) (see CPLR 5015 [a] [4]). "Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served[, but] . . . a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit" (Cach, LLC v Ryan, 158 AD3d 1193, 1194 [4th Dept 2018] [internal quotation marks omitted]). We agree with defendant that, by submitting uncontradicted evidence that the address listed in the affidavit of service does not exist, he overcame the presumption of proper service and created "a genuine question" whether the "nail and mail" service used here was effected in accordance with the statute (Fabian v Mullen, 20 AD3d 896, 897 [4th Dept 2005] [internal quotation marks omitted]).
We therefore reverse the order and remit the matter to Supreme Court to conduct a hearing on the issue whether service was properly effectuated and to determine defendant's motion following the hearing (see id.). We note that, at the hearing on defendant's motion, plaintiff is "required to establish jurisdiction by a preponderance of the evidence" (id. [internal quotation marks omitted]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court