Reside Capital Partners, LLC v Clar (2024 NY Slip Op 03637)

Reside Capital Partners, LLC

2024 NY Slip Op 03637

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

414 CA 23-00912

[*1]RESIDE CAPITAL PARTNERS, LLC, PLAINTIFF-RESPONDENT,
v
BRENDON CLAR, DEFENDANT-APPELLANT.

TREVETT CRISTO P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
RELIN, GOLDSTEIN & CRANE LLP, ROCHESTER, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered May 9, 2023. The order denied defendant's motion seeking to vacate a default judgment entered against defendant on October 25, 2022. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the judgment entered October 25, 2022 is vacated.
Memorandum: Defendant appeals from an order denying his motion pursuant to CPLR 317 to vacate the default judgment entered against him in this action seeking to recover on a residential lease guarantee. We reverse.
Pursuant to CPLR 317, a defendant "served with a summons other than by personal delivery to [the defendant] or [the defendant's] agent . . . who does not appear may be allowed to defend the action within one year after [the defendant] obtains knowledge of entry of the judgment . . . upon a finding of the court that [the defendant] did not personally receive notice of the summons in time to defend and has a meritorious defense."
We agree with defendant that "[p]ersonal delivery means 'in-hand delivery' " and, thus, CPLR 317 applies where, as here, the summons and complaint were served in accordance with the "affix and mail" or "nail and mail" provision of CPLR 308 (4) (National Bank of N. N.Y. v Grasso, 79 AD2d 871, 871 [4th Dept 1980]; see Pilawa v Dalbey, 275 AD2d 1035, 1036 [4th Dept 2000]). Furthermore, defendant established that he did not receive personal notice of the summons in time to defend the action inasmuch as he did not reside at the address where copies of the summons and complaint were affixed and subsequently mailed to (see Newman v Old Glory Real Estate Corp., 89 AD3d 599, 599 [1st Dept 2011]; see also L & W Supply Corp. v Built-Rite Drywall Corp., 220 AD3d 1205, 1206 [4th Dept 2023]), and that he has a potentially meritorious defense with respect to the amount of damages (see Weichert v Brown, 133 AD3d 1341, 1341 [4th Dept 2015]; Golden v Romanowski, 128 AD3d 1009, 1010 [2d Dept 2015]).
Although the determination whether to vacate a default judgment "rests within the sound discretion of the Supreme Court, . . . a disposition on the merits is favored" (Centennial El. Indus., Inc. v Ninety-Five Madison Corp., 90 AD3d 689, 689 [2d Dept 2011]; see Morgan v Sullivan, 158 AD2d 927, 927 [4th Dept 1990]), and we conclude that, under the circumstances in this action, the court erred in denying defendant's motion.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court