Hamilton Equity Group, LLC v Benetatos (2025 NY Slip Op 03411)

Hamilton Equity Group, LLC v Benetatos

2025 NY Slip Op 03411

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

175 CA 23-02059

[*1]HAMILTON EQUITY GROUP, LLC, AS ASSIGNEE OF HSBC BANK USA, NATIONAL ASSOCIATION, PLAINTIFF-RESPONDENT,
v
MARIA BENETATOS, ALSO KNOWN AS MARIA VALVI, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

GOMBERG LEGAL, P.C., OSSINING (STANISLAV GOMBERG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RUPP PFALZGRAF LLC, BUFFALO (ADAM M. BRASKY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered February 9, 2023. The order denied the motion of defendant Maria Benetatos, also known as Maria Valvi, to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for breach of a guaranty of payment for a line of credit agreement, Maria Benetatos, also known as Maria Valvi (defendant), appeals from an order that denied her motion seeking to vacate the default judgment entered against her based on lack of personal jurisdiction (see CPLR 5015 [a] [4]). We affirm.
Defendant contends that Supreme Court erred in denying her motion inasmuch as plaintiff failed to establish that defendant was properly served pursuant to CPLR 308 (2). We reject that contention. As relevant here, CPLR 308 (2) permits personal service on a party "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." " 'Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served' " (Cach, LLC v Ryan, 158 AD3d 1193, 1194 [4th Dept 2018]; see Estate of Essig v Essig, 227 AD3d 1379, 1380 [4th Dept 2024]). Here, however, defendant's submissions in support of her motion were sufficient to rebut that presumption of service, necessitating a traverse hearing (see Garvey v Global Asset Mgt. Solutions, Inc., 192 AD3d 1597, 1598 [4th Dept 2021]; Fabian v Mullen, 20 AD3d 896, 897 [4th Dept 2005]).
The court conducted the hearing and made its determination after reviewing the affidavit of service, the testimony of the process server, and the testimony of defendant and her two witnesses. According due deference to the court's credibility assessments (see generally Cupoli v Nationwide Ins. Co. [appeal No. 2], 283 AD2d 961, 961 [4th Dept 2001]), we conclude that the court properly determined that plaintiff met its burden of proving by a preponderance of the evidence that jurisdiction over defendant was obtained by proper service of process (see generally Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330, 1331 [4th Dept 2009]).
Defendant failed to preserve for our review her contention that the court erred in admitting the affidavit of service in evidence under the business records exception to the hearsay rule (see Dirschberger v Lawson, 187 AD3d 1562, 1562-1563 [4th Dept 2020]; Cooper v [*2]Nestoros, 159 AD3d 1365, 1367 [4th Dept 2018]; Davis v Vallie, 93 AD3d 1232, 1232 [4th Dept 2012]; see generally CPLR 5501 [a] [3]). We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court