■ H. D. I. DIAMONDS, INC., et al., Respondents, v FREDERICK MODELL, INC., Appellant. FREDERICK MODELL, INC., Appellant, v H. D. I. DIAMONDS, INC., et al., Respondents. — Order, Supreme Court, New York County (Pecora, J.), entered June 24, 1981, which, *inter alia,* granted the motion of defendants H. D. I. Diamonds, Inc., and Hampton Designs, Inc., to vacate a default judgment entered on October 11, 1979 in the sum of $56,365.20 against said defendants, reversed, on the law, with costs and disbursements, and the motion denied. On October 11, 1979 a judgment was entered upon default in favor of plaintiff Modell against defendants H. D. I. and Hampton. One week later, on October 18, 1979, the judgment was paid and a satisfaction thereafter filed. Eleven months later, on September 15, 1980, said defendants moved, by cross motion in a subsequent action in which they appeared as plaintiffs, to vacate their default. Special Term granted the motion. This was error. A judgment which is paid and satisfied of record ceases to have any existence since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder. (*Kamp v Kamp,* 59 NY 212; *Morris Plan Ind. Bank of N. Y. v Kraemer,* 243 App Div 632; *McCredy v Thrush,* 37 App Div 465.) Thus, Special Term was without jurisdiction to vacate the judgment. Moreover, defendants failed to demonstrate a valid excuse for the default. Indeed, it appears that the default was willful. Nor do they justify the 11-month delay from the payment and satisfaction of the judgment in moving to vacate. In such circumstances the default should not have been vacated. (*Cohen v Levy,* 50 AD2d 1039; *Back v Stern,* 23 AD2d 837.) Concur — Murphy, P. J., Birns and Sullivan, JJ.

Lupiano and Bloom, JJ., dissent in a memorandum by Bloom, J., as follows: H. D. I. Diamonds, Inc. (HDI) is in the business of buying and selling jewelry. Frederick Modell, Inc. (Modell) is a manufacturer of jewelry. The two entered into an agreement under which HDI undertook to sell Modell's line of jewelry. The agreement provided that HDI was to procure orders which it was to send to Modell for processing. Modell agreed to fill the orders accepted by HDI and upon payment to HDI by its customers it was to make payment to Modell. Critical to the problem before us is a provision that: "In the event that merchandise is returned, we [Modell] shall issue a credit to your customer on your behalf". Hampton Designs, Inc. (Hampton) guaranteed payment and

performance by HDI. By August, 1979 the amount claimed to be due to Modell from HDI aggregated a sum in excess of $132,000. On August 14, 1979 counsel for Modell wrote to HDI demanding payment of the sum due. No response thereto was forthcoming and during the same month a summons and complaint seeking recovery of that amount was served upon HDI and Hampton (Action No. 2). Neither responded to the summons and complaint and on October 11, 1979 Modell entered judgment for the sum of $56,365.20. The disparity between the amount demanded in the complaint and the amount for which judgment was entered resulted from credits allowed HDI and Hampton for return of jewelry sold by HDI to its customers. Execution was thereafter issued by Modell to the Sheriff. Additionally, Modell issued a subpoena to Irving Trust Company, wherein HDI maintained a checking account. The subpoena contained a restraint prohibiting transfer of any assets of either HDI or Hampton. HDI, when informed by Irving Trust of the restraint upon its account, authorized Irving Trust to pay the judgment and to deduct the amount thereof from its account. Upon payment to Modell, Modell issued a satisfaction of judgment to HDI and Hampton. HDI claims that thereafter it audited its account with Modell and ascertained that the returns made to Modell by HDI's customers exceeded by more than $47,000 the amount for which Modell had given credit to it. It endeavored to adjust the matter amicably with Modell. When that attempt failed, it brought Action No. 1 to recover the alleged overpayment. Modell moved to dismiss Action No. 1 on the ground of *res judicata*. HDI and Hampton moved (1) to consolidate the two actions and (2) to vacate its default in Action No. 2. Special Term granted the motion by Modell to dismiss Action No. 1 on the ground that it was barred by *res judicata*. It granted the cross motion by HDI and Hampton to vacate their default in Action No. 2 and directed Modell to place the amount sought to be recovered in escrow, pending the outcome of that suit, upon condition that HDI and Hampton pay to Modell the sum of $500 to defray the motion costs incurred by it. Upon reargument the decision was amended to the extent only of permitting Modell to bond the amount in suit instead of placing the money in escrow. We are in agreement with our brethren in the majority that ordinarily the judgment in Action No. 2 having been satisfied, the judgment would be extinguished (*Townsend v Whitney,* 75 NY 425; *Morris Plan Ind. Bank of N. Y. v Kraemer,* 243 App Div 632). In these circumstances normally there would be nothing to which jurisdiction could attach. However, this is not the ordinary or normal case. Here, HDI and Hampton assert, rather inartistically it is true, that a species of fraud has been practiced upon them flowing from the mistake made by Modell in computing the amount of credits due to them. In reliance on that representation they made payment of the amount claimed by Modell to be due. Since HDI and Hampton never appeared in Action No. 2, there can be no claim of law office failure (cf. *Barasch v Micucci,* 49 NY2d 594). Concededly, the issue of neglect poses a closer question. Bearing in mind, however, that they were not then represented by counsel, their actions were not such as to now bar the interposition of a valid setoff if such can, in fact, be made out. And, if HDI and Hampton are correct, vacating their default is the only means available, in the present posture of this dispute, to permit recoupment if, in fact, they are entitled thereto. Accordingly, we would affirm the determination of Special Term.