■ SMITHTOWN GENERAL HOSPITAL, as Assignee of PHILIP BONACCHI and Others, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. — In an action to collect unpaid hospital bills and attorney's fees pursuant to Insurance Law former article XVIII, plaintiff Smithtown General Hospital appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 4, 1984, which granted defendant Allstate Insurance Company's motion to the extent of vacating its default and directing a new hearing on the issue of attorney's fees.

Order affirmed, without costs or disbursements, upon condition that defendant's attorneys personally pay appellant $750 within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry; in the event said condition is not complied with, order reversed, as a matter of discretion, with costs, and defendant's motion denied in its entirety.

Smithtown General Hospital (plaintiff) is a proprietary hospital which rendered health services to 10 individuals under no-fault indorsements of insurance policies issued by Allstate Insurance Company (defendant). The claims under the no-fault insurance policies were then assigned to plaintiff. When the bills were not timely paid, plaintiff instituted the instant action and thereafter moved for summary judgment. Special Term granted the motion as to four causes of action and directed that a hearing be held to determine attorney's fees upon these claims. Defendant failed to appear on the hearing date, of which it had notice, and the matter was adjourned. When defendant again failed to appear at the rescheduled hearing, of which it also had notice, Special Term took testimony and awarded plaintiff attorney's fees in the sum of $5,850. Later that day, a member of defense counsel's firm assigned to the case appeared in court, claiming that he "was not aware that the hearing had been scheduled at Special Term Part II" and believed that "this matter [would] appear on the Trial Term Part I calendar". Upon submission of formal motion papers, Special Term relieved defendant of its default, stating that "defendant contests the amount of the counsel fees sought by plaintiff and should be afforded one last opportunity to test plaintiff's claim". We agree.

It goes without saying that the law favors resolution of disputes on the merits (*see,* CPLR 5015 [a]; *Glass v Janbach Props.,* 73 AD2d 106, 110; *Le Cesse v Giancursio,* 38 AD2d 873). Here,

where defense counsel appeared shortly after leave to enter the default was granted, explained the mix-up in court parts, and thereafter formally moved to vacate the order, we cannot say that Special Term improvidently exercised its discretion in vacating the default (*see, Kahn v Stamp,* 52 AD2d 748; *Oberlein v City of New York,* 51 AD2d 805; *Matter of Gibson [MVAIC],* 45 AD2d 678).

Nor can we accept plaintiff's argument, made in reliance on *H.D.I. Diamonds v Frederick Modell, Inc.* (86 AD2d 561 [1st Dept 1982], *appeal dismissed* 56 NY2d 645), that since defendant satisfied the judgment, Special Term lacked jurisdiction to vacate it. Not only is the First Department case cited not controlling authority on this court, but the facts presented therein are clearly distinguishable from those at bar. In *H.D.I. Diamonds (supra),* a default judgment was entered against the defendants, after which the judgment was paid and a satisfaction filed. Eleven months later, the defendants moved, by cross motion in a subsequent action in which they appeared as plaintiffs, to vacate their default. On these facts, the First Department held that it was error to vacate the default since the defendants (1) by paying the amount due, extinguished the judgment and obligation thereunder; (2) also failed to demonstrate a valid excuse for the default which appeared willful; and (3) did not justify the 11-month delay in moving to vacate. At bar, on the contrary, defendant, as noted, promptly moved to vacate when its attorney realized his error over the court parts. Furthermore, as to any satisfaction of judgment, the only evidence of that here is a copy of a check in plaintiff's brief. Apparently, no satisfaction has been filed as yet. In any event, the judgment at bar was allegedly paid eight days after the instant motion to vacate (in the same action) was submitted at Special Term and while it was *sub judice.* We cannot agree that a tender of a check by defendant, issued for whatever bizarre reason, would strip a court of its jurisdiction over the action, and nothing in the statute would so limit a court's jurisdiction (CPLR 5015 [a] [1]).

Accordingly, the order appealed from should be affirmed, but upon condition that defendant's attorneys pay appropriate costs as indicated (*see, Kahn v Stamp, supra*). Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.