OPINION OF THE COURT
Barbara Gunther Zambelli, J.
The question presented in this motion is whether the court should vacate a default judgment entered over four years ago *146 which was paid and satisfied of record upon the grounds the court lacked personal jurisdiction over the defendant.
On January 4, 1991, plaintiff obtained a judgment on default against the defendant for $4,214.57 representing a balance due on a credit card plus fees and costs. The judgment was enforced through an income execution against defendant’s salary. Moneys from the garnishment were remitted from August 1991 to October 1992 in the amount of $4,575.35. On June 23, 1993, a satisfaction of judgment was filed in this court.
By notice of motion dated July 25, 1995, defendant moves to vacate the judgment pursuant to CPLR 317 and 5015 (a) (4) on the grounds the court lacked personal jurisdiction over him.
Plaintiff asserts that a judgment which is paid and satisfied of record ceases to have any existence since payment extinguished the judgment and the obligation thereunder, relying upon H. D. I. Diamonds v Frederick Modell, Inc. (86 AD2d 561, appeal dismissed 56 NY2d 645).
In H. D. I. Diamonds v Modell (supra) a default judgment was entered against the defendants after which the judgment was paid and a satisfaction filed. Eleven months later, defendants moved by cross motion in a subsequent action in which they appeared as plaintiffs to vacate their default. On these facts, the Appellate Division, First Department, held that it was error to vacate the default since the defendants (1) by paying the amount due extinguished the judgment and obligation thereunder; (2) also failed to demonstrate a valid excuse for the default which appeared willful; and (3) did not justify the 11-month delay in moving to vacate.
At bar, although defendant acted strangely by paying the judgment and waiting so long to bring this motion, he nevertheless is entitled to have the default judgment vacated. Unlike the case of H. D. I. Diamonds v Modell (supra), the court lacked jurisdiction to enter a judgment against the defendant herein. Absent proper service of process, a default judgment is a nullity (DeMartino v Rivera, 148 AD2d 568, 569; Chase Manhattan Bank v Carlson, 113 AD2d 734; Mayers v Cadman Towers, 89 AD2d 844). Thus, if a judgment is a nullity, it never legally existed so as to become extinguished by payment (cf., Smithtown Gen. Hosp. v Bonacchi, 111 AD2d 382, 383). The plaintiff served defendant by "nail and mail” service. Under CPLR 308 (4), the plaintiff is required to exercise due diligence to effect service under CPLR 308 (1) and (2) before resorting to *147 subdivision (4). Plaintiff was required to affix the summons "to the door of either [defendant’s] actual place of business, dwelling place or usual place of abode” (CPLR 308 [4]; see, 2837 Bailey Corp. v Gould, 143 AD2d 523).
The affidavit of service states that two attempts at service were made to 426 South 9th Street on August 29, 1990 at 9:00 a.m. and 2:45 p.m. On August 30, 1990 at 7:45 p.m., the process server "nailed and mailed” to 426 South 9th Street, Mount Vernon, New York. It is uncontroverted in the moving papers that there is no such address as South 9th Street and further that defendant did not reside in Mount Vernon during this period of time. Both attempts at service were on a workday during normal working hours. There is no allegation that the process server made any efforts to locate defendant’s place of employment to serve him there. Thus, this affidavit is insufficient as a matter of law to satisfy plaintiff’s burden of establishing the exercise of due diligence prior to resorting to substituted service under CPLR 308 (4) (see, Moss v Corwin, 154 AD2d 443, 444).
Once it is shown that service was improper, the judgment is a nullity and must be vacated unconditionally (Chase Manhattan Bank v Carlson, supra, at 735).
Accordingly, the default judgment is vacated.