■ 26 WARREN CORPORATION, Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent. [676 NYS2d 173] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered April 10, 1997, which, *inter alia*, declared that defendant insurer was not obligated to defend or indemnify plaintiff insured in the underlying action, unanimously affirmed, without costs.

The subject insurance policy's notice of claim condition precedent to coverage, that "the insured shall immediately forward to the [insurer] every demand, notice, summons or other process received by him or his representative", is devoid of ambiguity (*see, Hovdestad v Interboro Mut. Indem. Ins. Co.*, 135

AD2d 783, 784), and the receipt of service of the summons and complaint by the Secretary of State, as plaintiff's designated agent, constituted receipt by a representative within the meaning of the policy. The fact that plaintiff itself did not actually receive a copy, due solely to its own failure to notify the Secretary of State of a change in address of its representative to whom the Secretary was authorized to forward process, does not excuse its noncompliance with the notice requirement of the policy (*see*, *Cedeno v Wimbledon Bldg. Corp.*, 207 AD2d 297, 298, *lv dismissed* 84 NY2d 978; *FGB Realty Advisors v Norm-Rick Realty Corp.*, 227 AD2d 439). Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.