■ STEPHEN CORR, Respondent-Appellant, v MADELINE F. CORR, Appellant-Respondent. (Action No. 1.) STEPHEN CORR,

Respondent-Appellant, v Madeline F. Corr, Appellant-Respondent. (Action No. 2.) [849 NYS2d 284]—

In a matrimonial action in which the parties were divorced by judgment entered June 27, 1995 (action No. 1), and a related action for partition and sale of the former marital residence (action No. 2), the defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated March 13, 2006, as denied her motion, inter alia, to modify the judgment of divorce, (2), as limited by her brief, from stated portions of an order of the same court (Balkin, J.) dated April 13, 2006, which, among other things, denied those branches of her motion which were to modify the judgment of divorce to provide for nondurational maintenance and reimbursement of certain household expenses, and granted that branch of her motion which was for a judgment in her favor and against the plaintiff in a sum representing her 25% interest in certain Bahamas property, only to the extent of providing that she would be entitled to her portion of the proceeds of the sale of the Bahamas property if the sale had already been consummated, and (3) as limited by her brief, from so much of a judgment of the same court (O'Connell, J.) dated October 23, 2006, as upon an interlocutory judgment of the same court dated July 22, 2005, which, inter alia, confirmed a referee's report, directed the referee to deduct the sum of $47,825 from her share of the proceeds of the sale of the marital residence to satisfy her liability to the plaintiff for one half of the rental income she collected through April 30, 2005, and the plaintiff cross-appeals from so much of the order dated April 13, 2006, as denied his cross motion for an award of an attorney's fee and sanctions.

Ordered that the order dated March 13, 2006, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 13, 2006 is modified, on the facts, by deleting the provision thereof providing that the defendant is entitled to her portion of the proceeds of the sale of the Bahamas property if the sale had already been consummated, and substituting therefor a provision awarding the defendant the sum of $5,250 for her portion of the proceeds of the sale of the Bahamas property; as so modified, the order dated April 13, 2006 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the referee to deduct the sum of $47,825 from the defendant's share of the proceeds of the sale of the marital residence to satisfy her liability to the plaintiff for one half of the rental income she collected through April 30, 2005; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the interlocutory judgment is modified accordingly.

The defendant's contention that she is entitled to one half of the rental income allegedly received by the plaintiff for property in the Bahamas in which the parties owned a one-half interest is without merit. The judgment of divorce provided that the Bahamas property would be sold as soon as possible, and the proceeds divided equally. However, there was no provision directing the plaintiff to give the defendant a share of any rental income, nor is there any evidence in the record that the plaintiff received any rental income from the Bahamas property.

However, the defendant is entitled to one half of the proceeds of the sale of the parties' one-half interest in the Bahamas property, as provided in the judgment of divorce. The Supreme Court stated in its order dated April 13, 2006 that the defendant had properly raised the issue of the plaintiff's sale of the Bahamas property, and that if that sale had already been consummated, the defendant would be entitled to her portion of the proceeds from the sale as provided in the judgment of divorce. In opposition to the plaintiff's cross motion for an award of an attorney's fee and sanctions, the defendant submitted a copy of the deed by which the plaintiff and the other owner transferred ownership of the Bahamas property to a third party as of August 20, 2002, for the sum of $21,000. Therefore, the defendant is entitled to the sum of $5,250, representing her half of the proceeds from the sale of the parties' one-half interest in the property.

"Partition, although statutory (RPAPL art 9), is equitable in nature and the court may compel the parties to do equity between themselves when adjusting the distribution of the

proceeds of the sale" (*Freigang v Freigang*, 256 AD2d 539, 540 [1998]). Here, however, the court erred in directing in the judgment in the partition action that $47,825 would be deducted from the defendant's share of the proceeds to satisfy her liability to the plaintiff for one half the rental income collected by her through April 30, 2005. The judgment of divorce did not provide that the plaintiff would receive any rental income received by the defendant during the period of her exclusive occupancy. Furthermore, the defendant correctly contends that the issue of rental income on the marital property did not involve a long account, and therefore the court was not authorized to make a reference to hear and determine (*see* CPLR 4317 [b]; *Matter of Marett v Pegalis & Wachsman*, 176 AD2d 321 [1991]; *Schanback v Schanback*, 130 AD2d 332 [1987]).

The defendant's remaining contentions are without merit.

The court did not err in denying the plaintiff's cross motion for an award of an attorney's fee and sanctions. The defendant's claim for her portion of the sale proceeds from the Bahamas property was meritorious. There is no evidence that any of the defendant's conduct was undertaken primarily to harass or maliciously injure the plaintiff, or that the defendant asserted material factual statements that were false (*see Mascia v Maresco*, 39 AD3d 504 [2007]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.