OPINION OF THE COURT
Kim Dollard, J.
*532 Defendant moves by order to show cause for an order vacating and setting aside the default judgment entered against the defendant herein pursuant to CPLR 5015, and permitting the defendant to serve upon plaintiff demands for discovery, on the grounds that defendant’s default was excusable and defendant has a meritorious defense to the within action.
Defendant acknowledges proper service of the summons and complaint herein. Defendant states that the matter was referred to an attorney, but that the attorney failed to properly defend this action. An answer was never served upon plaintiff, and, in fact nothing was done with regard to this action on defendant’s behalf. As a result, plaintiffs attorney caused a default judgment to be entered on behalf of plaintiff. The judgment was entered on November 11, 2007 in the amount of $6,529.27. Said judgment was levied upon and satisfied. A satisfaction of judgment was filed on March 26, 2008.
Defendant states there is a meritorious defense to this action, in that defendant claims that the invoices sued upon herein were paid pursuant to an alleged understanding between the parties. As for defendant’s excusable default, defendant believed the matter was being handled by its attorney, and upon learning of the default judgment, defendant brought the instant order to show cause.
Plaintiff claims that defendant has not set forth a meritorious defense or excusable default and further that defendant waited 10 months before moving to vacate the default judgment.* In addition, plaintiff claims that defendant’s motion is moot since the judgment has been satisfied. Plaintiff relies upon the holding in Fluegelman v Armstrong (59 Misc 506, 508 [1908]), as follows,
“It is perfectly clear that, at the time the motion was made to open the defendant’s default and to vacate and set aside the judgment, there was no judgment in existence and, therefore, nothing for the court to exercise its power upon. The judgment had been extinguished. The filing of the satisfaction piece was prima facie evidence of payment. Its logical effect was the extinguishment of the debt.” (See also McCredy v Thrush, 37 App Div 465 [1899].)
Plaintiff also cites H. D. I. Diamonds v Frederick Modell, Inc. (86 AD2d 561, 561 [1982], appeal dismissed 56 NY2d 645 [1982]) *533 which holds that “[a] judgment which is paid and satisfied of record ceases to have any existence since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder.” (See also Platinum Funding Corp. v Blue Ocean Lines, 249 AD2d 19 [1998]; Delahanty v Anderson, 161 AD2d 1164 [1990].) In these cases the Court ruled that it could not open a default judgment after defendant had paid, “since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder.” (H. D. I. Diamonds v Frederick Modell, Inc. at 561.) Here, the defendant did not pay the judgment amount. Instead, it was levied upon by the plaintiff. The court finds this distinction essential to the decision herein.
CPLR 5015 (d) states that “[w]here a judgment or order is set aside or vacated, the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal.” Restitution is only necessary where a judgment amount had been paid in whole or in part. If, as plaintiff argues, a default judgment which has been levied upon cannot be vacated, section 5015 (d) would have no meaning and be rendered moot. This could not have been the intent of the legislature.
The court finds that defendant has set forth a meritorious defense and an excusable default.
Accordingly, in view of the absence of any prejudice to the plaintiff, the existence of a meritorious defense and an excusable default, and the public policy in favor of resolving cases on their merits, the court vacates defendant’s default and the judgment previously entered. The judgment herein shall, however, stand as security pending the final disposition of this action.

 CPLR 5015 (a) (1) allows for a motion to vacate a default judgment to be made within one year.