■ RHONDA SAMUEL, Respondent, v STEVEN B. SAMUEL, Appellant. [893 NYS2d 250]—

"A judgment which is paid and satisfied of record ceases to have any existence since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder" (*H. D. I. Diamonds v Frederick Modell, Inc.*, 86 AD2d 561, 561 [1982]; *see Platinum Funding Corp. v Blue Ocean Lines*, 249 AD2d 19 [1998]; *Delahanty v Anderson*, 161 AD2d 1164, 1165 [1990]; *cf. Smithtown Gen. Hosp. v Allstate Ins. Co.*, 111 AD2d 382, 383 [1985]). Here, after extensive negotiations between the parties, the defendant signed a stipulation of settlement, which stated, in relevant part: "The parties acknowledge that the [defendant] owes the [plaintiff] temporary support and maintenance arrears pursuant to the *pendente lite* Order . . . Upon the execution of the Stipulation of Settlement, the [defendant] shall pay the [plaintiff] the sum of SEVENTY-FIVE HUNDRED ($7,500) DOLLARS in full satisfaction of any and all arrears owed to [the plaintiff] pursuant to the . . . *pendente lite* Order." On February 13, 2008, the defendant signed an affidavit stating that he had read the stipulation of settlement, fully understood its contents, and agreed to it after "mature and careful deliberation" and, on that same date, wrote a check to the plaintiff for the agreed upon amount of $7,500. Thereafter, on May 20, 2008, the plaintiff, as required by CPLR 5020, filed a satisfaction of the relevant judgment, which had been entered on November 7, 2007 (*see* CPLR 5020 [a], [c]). Since the stipulation of settlement and the satisfaction of judgment extinguished the defend-

ant's obligations under that judgment, his appeal therefrom has been rendered academic (*see e.g. H. D. I. Diamonds v Frederick Modell, Inc.*, 86 AD2d 561 [1982]; *Platinum Funding Corp. v Blue Ocean Lines*, 249 AD2d 19 [1998]; *Delahanty v Anderson*, 161 AD2d at 1165; *cf. Smithtown Gen. Hosp. v Allstate Ins. Co.*, 111 AD2d at 383).

Accordingly, by reason of the stipulation of settlement and the satisfaction of judgment, the Supreme Court, in an order dated June 5, 2008, correctly denied that branch of the defendant's motion which was to vacate the judgment.

Moreover, the court did not err in denying that branch of the defendant's motion which was for an award of costs and sanctions against the plaintiff's counsel. There is no evidence that any of the plaintiff's conduct was undertaken primarily to harass or maliciously injure the defendant, or that the plaintiff asserted material factual statements that were false (*see e.g. Corr v Corr*, 46 AD3d 736, 739 [2007]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.