Utica Mutual Insurance Company, Respondent,
against
Environmental Center of Setauket-Smithtown, Inc., Appellant.



Appeal from an order of the District Court of Suffolk County, Second District (James F. Matthews, J.), dated March 6, 2015. The order denied defendant's motion to vacate a default judgment on the ground that the court lacked jurisdiction to determine the motion because the judgment had been satisfied.




ORDERED that the order is reversed, without costs, and the matter is remitted to the District Court for a determination of the merits of defendant's motion to vacate the default judgment.
In this action to recover the sum of $2,547.50, the affidavit of service shows that defendant was served on February 22, 2007 by delivering the summons and complaint to a managing agent of defendant at its premises at 62 Eckernkamp Drive, Smithtown, New York. When defendant failed to appear or answer, a default judgment was entered against it on March 21, 2007. Defendant's bank account was restrained, and the judgment was ultimately satisfied as a result. Defendant thereafter moved to vacate the default judgment pursuant to CPLR 5015 (a) (4), arguing that it had never been served with the summons and complaint.
In opposition to the motion, plaintiff argued, among other things, that the court lacked jurisdiction over the matter because the judgment had been satisfied.
In its order dated March 6, 2015, the District Court denied the motion to vacate the default judgment, stating that, since the judgment had been paid and satisfied, the court no longer retained jurisdiction.
Contrary to the opinion of the District Court, payment of the judgment in this case did not divest the District Court of jurisdiction to determine the motion (see Smithtown Gen. Hosp. v Allstate Ins. Co., 111 AD2d 382 [1985]; Springer v AEP Eng'g., P.C., 44 Misc 3d 130[A], 2014 NY Slip Op 51033[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Pergament Employee Federal Credit Union v Estrada, 2002 NY Slip Op 50577[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]).
We pass on no other issue.
Accordingly, the order is reversed and the matter is remitted to the District Court for a determination of the merits of defendant's motion to vacate the default judgment.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: December 07, 2016