Cach, LLC v Ryan (2018 NY Slip Op 00755)





Cach, LLC v Ryan


2018 NY Slip Op 00755


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1471 CA 17-01217

[*1]CACH, LLC, PLAINTIFF-RESPONDENT,
v
NANNETTE RYAN, DEFENDANT-APPELLANT. 






GRAHAM & BORGESE, LLP, WILLIAMSVILLE (FRANK J. BORGESE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DANIELS NORELLI SCULLY & CECERE, P.C., HICKSVILLE (IRA R. SITZER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 1, 2016. The order denied defendant's motion to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover the unpaid balance with interest on a credit card issued to defendant by Providian Bank, which assigned the debt to plaintiff. After defendant failed to appear or answer in the action, a default judgment was entered against her in December 2007. Although the law firm representing plaintiff purportedly attempted to collect on the debt for several years, the judgment was not satisfied until June 2016 when another bank at which defendant maintained an account paid plaintiff pursuant to a property execution on defendant's account (see generally CPLR 5230). In August 2016, defendant moved to vacate the default judgment based upon a lack of personal jurisdiction (see CPLR 5015 [a] [4]). We conclude that Supreme Court erred in determining that defendant "lack[ed] standing to challenge the [default] judgment" and in denying the motion to vacate without conducting a traverse hearing to determine whether defendant was properly served.
In denying the motion to vacate, the court determined that defendant lacked standing to challenge the default judgment because the judgment had been satisfied in June 2016. That was error. Where, as here, a defendant moves to vacate a default judgment on the ground that the court that rendered the judgment lacked personal jurisdiction over the defendant (see CPLR 5015 [a] [4]), a finding in favor of the defendant would mean that the judgment was "a nullity" (Royal Zenith Corp. v Continental Ins. Co., 63 NY2d 975, 977 [1984]; see Empire of Am. Realty Credit Corp. v Smith, 227 AD2d 931, 932 [4th Dept 1996]). It necessarily follows that, "if a judgment is a nullity, it never legally existed so as to become extinguished by payment" (Citibank [S.D.] v Farmer, 166 Misc 2d 145, 146 [Mount Vernon City Ct 1995]). Plaintiff cites various cases for the proposition that "[a] judgment which is paid and satisfied of record ceases to have any existence since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder," thereby depriving a court of jurisdiction to vacate the judgment (H. D. I. Diamonds v Frederick Modell, Inc., 86 AD2d 561, 561 [1st Dept 1982], appeal dismissed 56 NY2d 645 [1982]; see Delahanty v Anderson, 161 AD2d 1164, 1165 [4th Dept 1990]). Those cases, however, are not applicable where, as here, a defendant disputes whether the court that rendered the judgment lacked personal jurisdiction over the defendant in the first instance (see Citibank [S.D.], 166 Misc 2d at 146).
In addition, inasmuch as plaintiff levied the judgment amount with interest by a property execution on defendant's bank account, we conclude that defendant did not voluntarily pay and satisfy the judgment (cf. Delahanty, 161 AD2d at 1165; H. D. I. Diamonds, 86 AD2d at 561). [*2]Thus, it cannot be said that she waived the defense of lack of personal jurisdiction (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628 [2d Dept 2014]; cf. Cach, LLC v Anderson, 48 Misc 3d 136[A], 2015 NY Slip Op 51132[U], *1 [2d Dept App Term 2015]).
With respect to the merits, CPLR 308 (2) permits personal service on a party "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." "Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2d Dept 2016]; see Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]). Although "bare and unsubstantiated denials are insufficient to rebut the presumption of service . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A., 138 AD3d at 985; see Fabian v Mullen, 20 AD3d 896, 897 [4th Dept 2005]).
Here, the affidavit of plaintiff's process server constitutes prima facie evidence that defendant was validly served pursuant to CPLR 308 (2) inasmuch as the process server averred that he personally served the summons and complaint on a male named "Larry," a person of suitable age and discretion who refused to provide his relationship with defendant but was present at defendant's residence, and that he thereafter mailed the summons and complaint to defendant at the residential address (see Wachovia Bank, N.A., 138 AD3d at 984; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 824-825 [2d Dept 2011]). In response, however, defendant submitted a specific and detailed affidavit in which she averred that she was not, and could not have been, served as described in the process server's affidavit inasmuch as she did not know anyone, including any neighbors, named "Larry," no one by that name was present at her residence at the time of the alleged service, and the only male that would have been in her home was her husband, whose name was not "Larry" and who did not fit the physical and age descriptions provided by the process server. We conclude that defendant's affidavit rebutted the presumption of proper service established by the process server's affidavit (see Wachovia Bank, N.A., 138 AD3d at 985; Wells Fargo Bank, N.A., 83 AD3d at 825; cf. Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2d Dept 2016]; Roberts v Anka, 45 AD3d 752, 754 [2d Dept 2007]; Granite Mgt. & Disposition v Sun, 221 AD2d 186, 186-187 [1st Dept 1995]). We therefore reverse the order and remit the matter to Supreme Court to conduct an evidentiary hearing to determine whether defendant was properly served pursuant to CPLR 308 (2).
We have reviewed plaintiff's alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), and we conclude that it lacks merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court