U.S. Equities Corp., Appellant,
against
Mario K. Rivera and Olga M. Rivera, Defendants. Mario R. Rivera, Nonparty-Respondent.




Linda Strumpf, Esq., for appellant.
Mario R. Rivera, nonparty-respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated November 17, 2016. The order, insofar as appealed from, granted the branch of a motion by nonparty Mario R. Rivera seeking to stay an income execution and, sua sponte, directed plaintiff to make restitution to nonparty Mario R. Rivera of the money plaintiff had received as a result of an income execution or any other enforcement actions.




ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order dated November 17, 2016 that, sua sponte, directed plaintiff to make restitution to nonparty Mario R. Rivera of the money plaintiff had received as the result of an income execution or any other enforcement actions is deemed an application for leave to appeal from that portion of the order, and leave to appeal therefrom is granted (see UDCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action against Mario K. Rivera and Olga M. Rivera for breach of a credit card agreement. After both defendants had defaulted in appearing, a default judgment was entered against them on November 25, 2008. Thereafter, the default judgment was vacated by order of the District Court (C. Stephen Hackeling, J.) dated February 26, 2009. Plaintiff [*2]subsequently moved to have the default judgment that had been vacated against Mario K. Rivera restored. By order dated July 29, 2015, the District Court (C. Stephen Hackeling, J.) granted the motion.
By order to show cause dated October 14, 2016, "Mario R. Rivera" moved to vacate the default judgment and for a stay of an income execution. He asserted that the judgment entered upon default did not apply to him since he is not the named defendant, Mario K. Rivera. By order dated November 17, 2016, the District Court (James F. Matthews, J.) implicitly denied the branch of the motion seeking to vacate the default judgment against Mario K. Rivera, granted the branch of the motion seeking to stay enforcement proceedings against "Mario R. Rivera," and, sua sponte, directed plaintiff to make restitution to Mario R. Rivera of the money which it had received as a result of an income execution or any other enforcement actions.
Contrary to plaintiff's contention on appeal, payment of the judgment in this case did not divest the District Court of jurisdiction (see Smithtown Gen. Hosp. v Allstate Ins. Co., 111 AD2d 382 [1985]; Springer v AEP Eng'g., P.C., 44 Misc 3d 130[A], 2014 NY Slip Op 51033[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Pergament Employee Federal Credit Union v Estrada, 2002 NY Slip Op 50577[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]).
"CPLR 5240 permits a court at any time, on its own initiative or the motion of any interested person to issue an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" (Distressed Holdings, LLC v Ehrler, 113 AD3d 111, 120 [2013] [internal quotation marks omitted]). "A motion for relief from enforcement may be made in the context of the underlying action, and a plenary action is unnecessary" (Paz v Long Is. R.R., 241 AD2d 486, 487 [1997]). Even after assets have been recovered in error and transferred to a judgment creditor pursuant to the use of an enforcement procedure, the court can reverse the transfer and direct restitution by the judgment creditor (see Cruz v TD Bank, N.A., 22 NY3d 61 [2013]). As the District Court was authorized, "at any time" and "on its own initiative," to issue the order staying the income execution or any other enforcement actions (CPLR 5240), and to direct plaintiff to make restitution of any funds recovered against Mario R. Rivera after the funds had been collected by plaintiff (see Cruz v TD Bank, N.A., 22 NY3d 61), the order, insofar as appealed from, is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018