187 Concourse Associates, Petitioner-Respondent, 
against
Deborah Dillard, Respondent-Appellant.




Respondent Deborah Dillard appeals from an order of the Civil Court of the City of New York, Bronx County (Carol R. Sharpe, J.), dated June 12, 2018, which denied her motion to renew a prior order granting petitioner-judgment creditor's motion to release to it funds in respondent's Capital One Bank account.




Per Curiam.
Order (Carol R. Sharpe, J.), dated June 12, 2018, reversed, without costs, renewal granted and, upon renewal, petitioner's motion to release funds in respondent's Capital One Bank account denied, and petitioner directed to make restitution to respondent of all sums received from the account. 
Although renewal motions should generally be based on newly discovered facts that could not be offered on the prior motion (see CPLR 2221[e]), courts have discretion to relax this requirement and grant such motions in the interest of justice even upon facts that were known to the movant at the time the original motion was made (see Kaszar v Cho, 160 AD3d 501 [2018]; Mejia v Nanni, 307 AD2d 870, 871 [2003]). In the circumstances here present, and to achieve substantial fairness (see Tishman Constr. Corp. of NY v City of New York, 280 AD2d 374, 376—377 [2001]), we favorably exercise our discretion and grant renewal. Respondent's renewed motion, submitted with the benefit of newly retained legal counsel, contained documentary evidence that established that the Capital One Bank account levied against by petitioner contained assistance payments from a foster care agency for the benefit of respondent's two foster care children, which funds are exempt from levy (see Social Services Law §§ 137, 358-a). Therefore, on renewal, petitioner's motion to have the funds released to it is denied.
Civil Court should not have denied respondent's motion on the ground that the judgment was satisfied. Collection of the judgment in this case did not divest Civil Court of jurisdiction, since there was no voluntary payment of the judgment, and, prior to the levy, respondent argued that the funds were exempt and petitioner sought a ruling on the issue (see Cach, LLC v Ryan, 158 AD3d 1193, 1194 [2018]; cf. H.D.I. Diamonds v Frederick Modell, Inc., 86 AD2d 561 [*2][1982], app dismissed 56 NY2d 645 [1982]). 
Where, as here, assets have been recovered in error and transferred to a judgment creditor pursuant to the use of an enforcement procedure, the court can reverse the transfer and direct restitution by the judgment creditor (see CPLR 5240; Cruz v TD Bank, N.A. 22 NY3d 61 [2013]; U.S. Equities Corp. v Rivera, 60 Misc 3d 131[A], 2018 NY Slip Op 50996[U][App Term, 2d Dept, 9th & 10th Jud Dists 2018], a remedy we have so directed. 
We note the absence of a brief from petitioner. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 3, 2020