Hapag-Lloyd (American) LLC v Adon Distrib. Inc. (2026 NY Slip Op 50366(U))

[*1]

Hapag-Lloyd (American) LLC v Adon Distrib. Inc.

2026 NY Slip Op 50366(U)

Decided on March 20, 2026

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2026
Supreme Court, Bronx County

Hapag-Lloyd (American) LLC AGENT FOR H. APAG-LLOYD AKTIENGESELLSCHAFT, HAMBURG, Plaintiff,

againstAdon Distribution Inc. D/B/A BERAKAH FOODS T/A BERAKAH COSMETICS & ACCESSORIES, Defendant.

Index No. 807624/2024e

Plaintiff: JEFFREY A MAIDENBAUM Firm Name:MAIDENBAUM & ASSOCIATES P.L.L.C. Address:One Broadcast Plaza, Suite 218, Merrick, NY 11566 Phone:516-223-8553 Fax:516-223-7096 Service E-mail:jmaidenbaum@maidenbaum.com Other E-mails:ecanals@maidenbaum.com
htzinakos@maidenbaum.com
Defendant REGINALD A JACOBS Firm Name:REGINALD A. JACOBS, PLLC. Address:346 N Main Street 346 N Main Street, Port Chester, NY 10573 Phone:914-361-4500 Fax:9143614501 Service E-mail:reginald@jacobs-esq.com Other E-mails:rjacobsesq@gmail.com
t.young@jacobs-esq.com
paralegal@jacobs-esq.com

Veronica G. Hummel, J.

In accordance with CPLR 2219(a), the decision herein is made upon consideration of all papers filed in NYSCEF as submitted by the parties regarding the motion by defendant ADON DISTRIBUTION INC. D/B/A BERAKAH FOODS T/A BERAKAH COSMETICS & ACCESSORIES [Mot. Seq. 2], made pursuant to CPLR 5015(a)(1), for an order: vacating the [*2]Clerk's Judgment on Default, dated August 14, 2024, that granted plaintiff HAPAG-LLOYD (AMERICAN) LLC. AGENT FOR H. APAG-LLOYD AKTIENGESELLSCHAFT, HAMBURG a default judgment against defendant in the amount of $17,024.66; upon vacatur, issuing an order pursuant to CPLR 3012(d) compelling plaintiff to accept defendant's proposed answer; and for such other and further relief as the Court shall deem just and proper. 
This is an action in which plaintiff seeks payment for labor and materials that plaintiff allegedly provided while completing a project for defendant in December 2022. 
The summons and complaint was filed on May 8, 2024. Defendant was served on May 20, 2024, by service on the Secretary of State. Defendant did not file an answer or appear in the action.
On August 14, 2024, the Clerk entered a judgment, on default, against defendant in the amount of $17, 024.66 ("the August 2024 Judgment").
One month later, on September 19, 2024, defendant filed a notice of appearance.
The next day, on September 20, 2024, defendant moved, by Order to Show Cause [Mot. Seq. 1], pursuant to CPLR 5015(a), for an order vacating the August 2024 Judgment. Twelve days later, on October 1, 2024, the motion was denied with leave to renew by notice of motion.
Within the month, the August 2024 Judgment was fully satisfied and a notice of satisfaction of judgment was filed on October 29, 2024.
Almost a full year after the satisfaction of the judgment, on August 6, 2025, the defendant filed the present motion [Mot. Seq. 2] to vacate the August 2024 Judgment.
In support of the motion, defendant submits attorney affirmations, a booking confirmation, a Reliance invoice, a proposed answer, a notice of levy, an affidavit of defendant's Chief Executive Officer, and a memorandum of law. Defendant also submits an attorney's affirmation in reply, a Sea Waybill, and paid invoices.
In opposition, plaintiff submits an attorney affirmation, the Satisfaction of Judgment, prior court orders, the pleadings, a Secretary of State printout, Seaways bills and Bills of Lading, and invoices. Oral argument was heard on the motion.
In his affidavit, defendant's Chief Executive Officer Marcel Ayemou avers that "the New York Secretary of State maintained an old former address for service of process, to wit, 938 Moris Avenue, Bronx, New York, 10456" ("the Moris Ave. Address"). He avers that "[o]ur office moved from [the Moris Ave. Address] to our new operating address of 1240 Randall Avenue , Bronx New York 10474."("the Randall Ave. Address"). He then claims that:
"I attempted to inform the Secretary of State of this address change a few years ago, which I estimate to have been changed prior to the pandemic in 2020. However, a search of the corporate records on file with the New York State Department of Corporations appears to still have our old operating address of 938 Moris Avenue, Bronx, New York 10456. As such, I am respectfully submitting to the Court that the alleged service upon the New York Secretary of State was not effective as the secretary of state never changed our address to our current business address of 1240 Randall Ave Bronx, NY 10456. Additionally, I never received any notifications of this lawsuit at our business address, 1240 Randall Ave Bronx, NY10456, at any time whatsoever".The submitted copy of the Secretary of State website page shows that the listed address for service on the defendant corporation as the Moris Ave. Address.
As for the produced invoices and Bills of Lading, the documents set forth the details of [*3]the product transport agreement entered into by the parties.
Finally, the filed Satisfaction of Judgment, dated October 29, 2024, provides that the August 2024 Judgment "for the sum of $17,024.66 has been fully paid and none remains unpaid". The Clerk is therefore "authorized and directed to make an entry of full satisfaction on the docket of said judgment"
Analysis
To obtain vacatur of a default judgment under CPLR 5015(a)(1), a party must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense or claim. Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., 67 NY2d 138 (1986); Li Fen Li v. Cannon, Co., 155 AD3d 858 (2d Dep't 2017); Gurin v. Pogge, 112 AD3d 1028 (3d Dep't 2013). The determination of whether to vacate a default judgment under CPLR 5015 rests within the sound discretion of the Supreme Court, although a disposition on the merits is strongly favored. see generally Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., supra; Inwald Enterprises, LLC v. Aloha Energy, 153 AD3d 1008 (3d Dep't 2017). Accordingly, a motion to vacate a prior judgment is addressed to the court's sound discretion subject to reversal only where there has been a clear abuse of discretion (Inwald Enterprises, LLC v. Aloha Energy, supra; Carlson v. Dorsey, 161 AD3d 1317 (3d Dep't 2018)) and actions should be resolved on the merits when circumstances justify the same. see generally Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., supra. Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits. Inwald Enterprises LLC v. Aloha Energy, supra.
Applying these legal principles to the facts presented here, the motion is denied as moot as the judgment has been fully satisfied.
In two seminal cases, the Appellate Division, First Department, has held that the motion court is without jurisdiction to vacate a default judgment that has been paid and satisfied of record, because, at that point, the judgment and the obligation thereunder have been extinguished, such that the judgment ceases to have any existence. H.D.I. Diamonds, Inc. v. Frederick Modell, Inc., 86 AD2d 561, 561 (1st Dep't 1982)("H.D.I. Diamonds") [reversing grant of motion to vacate]; Platinum Funding Corp. v. Blue Ocean Lines, Inc., 249 AD2d 19 (1st Dep't 1998) ("Platinum Funding Corp.")[affirming denial of motion to vacate]. Specifically, in these decisions, the First Department ruled that the motion court could not open a default judgment after defendant had paid the judgment in full, "since a defendant, by paying the amount due, extinguishes the judgment and the obligation thereunder." H.D.I. Diamonds v. Frederick Modell, Inc., supra; compare Fox Rothschild LLP v. Tech Talk Media, LLC., 85 Misc 3d 1242 (A) (Sup. Ct. New York County 2025). Trial courts in the First Department have routinely followed this precedent. See i.e. Fox Rothschild LLP v. Tech Talk Media, supra; Dallorso v. APP Group Intern, LLC, 2022 NY Slip Op. 33743(U) (Sup. Ct New York County 2022); Fong v. Ping, 2022 WL 3273139 (Sup. Ct. New York County 2022): Eisenfeld v. Villamar, 2022 WL 2915806 (Sup. Ct. New York County 2022); Shi v. Alexandratos, 2016 NY Slip Op. 32387(U) (Sup. Ct. New York County 2016).
Certainly, however, the holdings in H.D.I. Diamonds and Platinum Funding Corp. have [*4]been subject to challenge. As recently as February 2, 2025, Supreme Court Justice Lebovits observed, in the case of Fox Rothschild LLP v. Tech Talk Media, LLC, 85 Misc 3d 1242(A) (Sup. Ct. New York County 2025), that:
"The turn-of-the-20th-Century decisions on which [H.D.I Diamonds] relies do not directly stand for the conclusion reached in that case. Nor does it address a contrary First Department decision from that period. (See Lindenborn v Vogel, 131 AD 75, 77 [1st Dept 1909].) It is difficult to reconcile the H.D.I. Diamonds rule with the longstanding principle that payment of a judgment 'by a losing party does not terminate its right to appeal unless made by way of compromise or agreement not to pursue an appeal.' (Matter of Seagroatt Floral Co. (Riccardi), 78 NY2d 439, 448 n * [1991], citing Hayes v Nourse, 107 NY 577, 579 [1887].) For that matter, H.D.I. Diamonds would appear to clash with CPLR 5015 (d), which provides that '[w]here a judgment or order is set aside or vacated, the court may direct and enforce restitution' in the same manner as provided for under CPLR 5523 when a judgment is reversed or modified on appeal. (See Valtech Research, Inc. v Meridian Abstract Corp., 23 Misc 3d 531, 533 [Civ Ct, Richmond County 2009] [making this point]).
Be that as it may, though, H.D.I. Diamonds and [Platinum Funding Corp] remain binding precedent in this Department. This court is therefore obliged to follow them to the extent that they apply".
Along similar lines, the Second Department directly rejected the H.I.D Diamonds holding in its decision in Smithtown Gen. Hosp. v. Allstate Ins. Co., 111 AD2d 382, 383 (2d Dep't 1985). In the decision, the Second Department specifically held:
"Nor can we accept plaintiff's argument, made in reliance on [H.D.I. Diamonds] that since defendant satisfied the judgment, Special Term lacked jurisdiction to vacate it ... We cannot agree that a tender of a check by defendant, issued for whatever bizarre reason, would strip a court of its jurisdiction over the action, and nothing in the statute would so limit a court's jurisdiction (CPLR 5015[a][1])."see, Yes I Can Licensed Behavior Analyst PLLC v. Green Tree Capital, LLC, 2025 WL 3634689 (Sup. Ct. Kings County 2025); cf Samuel v. Samuel, 69 AD3d 835 (2d Dep't 2010). As for the Fourth Department, the Appellate Division has declined to extend the impact of the findings in H.D.I. Diamonds to include motions to vacate on default based on lack of personal jurisdiction. Cach, LLC. v. Ryan, 158 AD3d 1193 (4th Dep't 2018).
While the controversy exists, however, H.D.I. Diamonds and Platinum Funding Corp. remain binding precedent in the First Department. This court is therefore obliged to apply them to the facts presented herein. As it is undisputed that the relevant judgment was fully satisfied under New York State law before the first motion to vacate the default was even filed, this motion must be denied as moot.
Reasonable excuse for the default.
In any event, addressing the substance of the motion to vacate the default, the Court finds that defendant fails to demonstrate a reasonable excuse for defaulting in the action. For a law office failure to constitute a reasonable excuse, the movant must submit facts explaining the reason for the default, and it is within the court's sound discretion to determine whether the excuse for the default is sufficient. Chevalier v. 368 E.148th St. Assoc., LLC, 80 AD3d 411, 413 (1st Dep't 2011); see also Tandy Computer Leasing v. Video X Home Library, 124 AD2d 530, 531 (1st Dep't 1986).
Here, the August 2024 Judgment was entered on default on August 14, 2024. In the Order to Show Cause to vacate the judgment filed by defendant one month later (on September 20, 2024), defendant conceded having notice of the judgment. Thereafter the Order to Show Cause was denied with leave to renew on October 1, 2024. Within the same month, the judgment was fully satisfied and a notice of satisfaction of judgment was filed on October 29, 2024. 
Defendant then waited almost a full year before taking any further action. Specifically, despite the denial of the Order to Show Cause with leave to renew on October 1, 2024, defendant failed to renew the motion to vacate the judgment until August 6, 2025, ten months later. 
In the moving papers, defendant does not attempt to provide any reasonable excuse for this undue delay in moving for vacatur. Having waited so long, without justification, to move for the requested relief, to the significant prejudice of plaintiff, defendant's delay in moving to vacate the judgment was unreasonable. see generally Wells Fargo Bank, N.A. v. Iqbal, 245 AD3d 620 (1st Dep't 2026).
Moreover, to the extent that defendant alleges that the address for service registered with the Secretary of State was not accurate, the allegation does not set forth a reasonable excuse for the default and the delay in moving for vacatur. It is undisputed that the Secretary of State was served as described in the submitted affidavit of service.
Business Corporation Law §306, requires corporations to keep a current address on file with the Secretary of State. Baez v. Ende Realty Corp., 78 AD3d 576 (1st Dep't 2010); Lawrence v. Esplanade Gardens, 213 AD2d 216 (1st Dep't 1995). A presumption of receipt arises once service is completed on the Secretary of State, defendant's designated agent, regardless of whether it is actually received by the company's representative. Rubenstein Public Relations, Inc. v. Fleet Financial Group, Inc., 244 AD3d 636 (1st Dep't 2025); 26 Warren Corp. v. Aetna Cas. & Sur. Co., 253 AD2d 375 (1st Dep't 1998); see SP & S Associates, LLC v. Insurance Co. of Greater New York, 80 AD3d 529 (1st Dep't 2011).
Service of process is therefore presumed complete when plaintiff serves the Secretary of State (Business Corporation Law §306[b][1] ) irrespective of whether the process subsequently reaches the corporate defendant. Fisher v. Lewis Construction NYC Inc., 179 AD3d 407 (1st Dep't 2020); see Franpo Realty, LLC. v. Power Furniture Inc., 214 AD3d 604 (1st Dep't 2023); Majada Inc. v. E&A RE Capital Corp., 205 AD3d 648 (1st Dep't 2022); 26 Warren Corp. v. Aetna Cas. & Sur. Co., supra;. see Associated Imports, Inc. v. Leon Amiel Publisher, Inc., 168 AD2d 354, (1st Dep't 1990)(service of the summons and complaint on the Secretary of State is valid even though defendant did not receive such from the Secretary of State due to the failure to change the address on file).
Importantly, it is well established that the fact that defendant did not actually receive a copy of the summons with notice, due to its failure to keep its address current with the Secretary of State, does not excuse its default. Hasnat v. ADP Realty Ltd., 231 AD3d 539 (1st Dep't 2024); see generally Fisher v. Lewis Construction NYC Inc., supra; see Raistone Purchasing LLC-Series XLI v. London Luxury LLC, 242 AD3d 428 (1st Dep't 2025). It is the corporation's obligation to keep the Secretary of State advised of its current and correct address and its failure to receive process due to its breach of the obligation to keep a current address on file with the Secretary of State does not constitute a reasonable excuse for its default. Hasnat v. ADP Realty Ltd., supra; Frazier v. 811 178th St.. Realty Corp., 183 AD3d 413 (1st Dep't 2020); NYCTL 2015-A Trust v. Diffo Properties Corp., 171 AD3d 538 (1st Dep't 2019); Gomez v. One Sickles St. Co., [*5]L.P., 165 AD3d 597 (1st Dep't 2018); Baez v. Ende Realty Corp., supra; see Eugene Di Lorenzo, Inc. v. A.C. Dutton Lbr. Co., supra.
Here, although defendant maintains that it no longer occupies the Moris Ave Address, defendant does not specify when it vacated the premises. Defendant also vaguely alleges that notice of the change of address was provided to the Secretary of State but submits no details as to when and how such notice was given. Nor are any exhibits submitted reflecting any communication with the State agency regarding the issue. Having failed to demonstrate that defendant satisfied its obligations under Business Law §306, defendant lacks a reasonable excuse for its default. Timoyanis v. Zhongmeng (U.S.A.) Co. Ltd., 231 AD3d 605 (1st Dep't 2024); see Hasnat v. ADP Realty Ltd, supra; NYCTL 2015-A Trust v. Diffo Properties Corp., supra; Salish Lodge LLC v. Gift Management Inc., 192 AD3d 410 (1st Dep't 2021).
In any event, the plaintiff mailed an additional copy of the Summons and Complaint to defendant as required by pursuant to CPLR §3215(g)(4) on May 22, 2024, at the Randall Ave. Address. Defendant fails to discuss this mailing, which presumably put defendant on timely notice of the action, undermining defendant's claim of justified delay in appearing. Accordingly, defendant fails to set forth a reasonable excuse for its default in the action.
Meritorious Defense
Since the defendant failed to demonstrate a reasonable excuse for the default, this Court need not consider whether defendant established the existence of a potentially meritorious defense to the action. U.S. Bank National Association v. Zhu, 238 AD3d 628 (1st Dep't 2025); Liu v. Chang, 227 AD3d 410 (1st Dep't 2024); see also Deutsche Bank National Trust Company v. Lawson, 244 AD3d 922 (2d Dep't 2025). 
The court has considered the additional contentions of the parties not specifically addressed herein. To the extent any contention raised by either party was not addressed by the court, it is hereby rejected.
Accordingly, it is hereby
ORDERED that the motion by defendant ADON DISTRIBUTION INC., D/B/A BERAKAH FOODS T/A BERAKAH COSMETICS & ACCESSORIES [Mot. Seq. 2], made pursuant to CPLR 5015(a)(1), for an order vacating the Clerk's Judgment on Default, dated August 14, 2024, that granted plaintiff HAPAG-LLOYD (AMERICAN) LLC. AGENT FOR H. APAG-LLOYD AKTIENGESELLSCHAFT, HAMBURG a default judgment against defendant in the amount of $17,024.66 and, upon vacatur, issuing an order pursuant to CPLR 3012(d) compelling plaintiff to accept defendant's proposed answer; and for such other and further relief as the Court shall deem just and proper is DENIED; and it is further
ORDERED that the Clerk shall mark motion sequence 2 decided and the action disposed in all court records. 
The foregoing constitutes the decision and order of the Court.
Dated: March 20, 2026
E N T E R,
HON. VERONICA G. HUMMEL, A.S.C.J.